FRANKLIN COOK, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. It is necessary for an indictment to state the county within which the offence was committed, and the proof must affirmatively sustain such allegation.

.2. In a criminal case a new trial will be granted when all the evidence taken in the court below fails to establish the venue as laid in the indictment.

Writ of Error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*E. M. Hammond* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

At the Fall Term of the Orange County Circuit Court in the year eighteen hundred and eighty-three, the grand jury found an indictment against Franklin Cook, charging that on the first day of August, 1883, he did, with force and arms, at and in the county of Orange, " commit the crime of fornication by then and there having carnal knowledge of the body of one Rachel Cook. The said Franklin Cook and the said Rachel Cook, each being then and there single and unmarried, and the said Franklin Cook and the said Rachel Cook not being then and there lawfully married to each other, and the said Franklin Cook and Rachel Cook being then and there within the degrees of consanguinity within which marriages are prohibited and declared by law to be incestuous and void, to wit: the said Franklin Cook being then and there the father of the said Rachel Cook, and the said Rachel Cook being then and there the daughter of the said Franklin Cook." In May, 1884, the cause was tried and the defendant convicted. Counsel for the defendant moved for a new trial, which motion was denied, and they thereupon bring the cause to this court by writ of error.

Several alleged errors are assigned.

But one witness, Rachel Cook, was examined upon the part of the State. Two witnesses were examined upon the part of the defence: and the State's Attorney and the counsel for the defendant have certified that " all the evidence " is embodied in the record. [There is, of course, also a bill

ot exceptions, signed and sealed by the Circuit Judge.— REPORTER.]

It is sufficient to say that the defendant was not properly convicted upon the evidence as it appears in the record. There was no venue proven. It nowhere appears in the proofs in what county or State, or in what month or year the crime was committed, if committed at all. These are material allegations, and should have been proven. 1 Bishop Crim. Prac., §384 ; Holeman vs. State, 13 Ark., 105 ; Hoover vs. State, 1 W. Va., 336 ; Evans vs. State, 17 Fla., 192 ; Nelson vs. State, 17 Ib., 195.

The judgment is reversed and new trial granted.