MICHAEL KURTZ, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  A party charged with crime is entitled to an acquittal unless proved guilty beyond a reasonable doubt, but when a judge fails to charge that the evidence must establish guilt beyond a reasonable doubt, and the evidence is not incorporated in the bill of exceptions, and the record discloses neither a request for the instruction, nor that the omission to charge was called to the judge's attention, the judgment will not be reversed on writ of error.

2.  The defendant was convicted for having violated a statute which had not at the time of the filing of the information been in force two years, and the jury were charged that if they believed from the evidence that the offence was committed within

two years before the filing of the information, they should convict; this was error, but as the evidence established that the offence was committed after the act under which the defendant was convicted took effect, and before the filing of the information, the error was without prejudice; the evidence not being incorporated in the bill of exceptions, the presumption is that it showed that the offence was committed after the date on which the act took effect, and before the filing of the information.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Call & Adams* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J. The plaintiff in error was convicted in the Criminal Court of Record of Duval County, on the 25th day of June, 1889, for keeping a room for the purpose of gambling, and was sentenced to be confined in the State prison for the period of three months, and the cause comes here upon a writ of error to said Criminal Court of Record.

Several errors are assigned, the first of which is, that the court erred in charging the jury: " That if the jury are satisfied from the evidence that the defendant at any time within two years prior to the date of filing the information herein, had committed the offence named in the information, then they should convict."

To this charge there are two objections insisted upon by counsel for plaintiff in error: First, that the court withdrew from the consideration of the jury the consideration of a reasonable doubt as to the guilt of the prisoner ; and second, that there was error in the charge, in that two years had not elapsed from the date upon which the statute under which the prisoner was tried and convicted took effect prior to the filing of the information.

Now, at the outset, we are confronted with the fact that the plaintiff in error, for reasons best known to himself, has not had incorporated in the bill of exceptions the evidence adduced in the court below, which leaves the case to be decided solely upon the charge found in the record, without any opportunity of comparing it with and applying the evidence thereto upon which the prisoner was convicted. That a party accused of crime is entitled to acquittal unless he is proven guilty beyond a reasonable doubt, is too well established to admit of argument.

Was the accused in the case at bar proved guilty beyond a reasonable doubt? The presumption is that he was, and under the circumstances of the case this presumption is strengthened by the fact that the evidence upon which the prisoner was convicted has not been presented by him for inspection by this court. If there was anything in the evidence that tended to raise a single doubt as to the guilt of the accused, the able counsel by whom he is represented, would most probably have had the evidence here to show that fact.

The absence of the evidence is significant of its character. Under this state of the case, and as the bill of exceptions shows that the charge of the court incorporated therein was not the only charge given, it may be that court correctly charged the law upon the subject of a reasonable doubt; but suppose there was no charge upon this subject, it cannot be assigned as error, because the record does not disclose that the accused requested any charge in regard thereto, or that the attention of the court was called to the omission to so charge. Cato vs. State, 9 Fla., 163; Reed vs. State, 16 Fla., 564; Carter vs. Bennett, 4 Fla., 283.

The case of Blige vs. State, 20 Fla., 742, is cited as supporting the contention that the court erred in not charging

the jury upon the subject of a reasonable doubt, but in that case the point requested to be charged upon was the gist of the offence, and the court refused to give the charge, (which was correct), and the refusal to give the charge was held to be error, and if the court had refused to charge upon the question of a reasonable doubt, in the case at bar, the judgment would have to be reversed, but as before stated, such refusal is not shown by the record.

What we have said as to the first objection to the charge, applies to the second. The evidence must have shown that the offence was committed within the time in which the defendant could be lawfully convicted. It is not insisted that the defendant did not commit the offence within the time in which he could have been legally convicted, that is, between the time the act took effect and the filing of the information, but, that he might, under the charge of the court, have been illegally convicted. This may be true, but the question is, did the evidence show that the offence was committed at the time that made the conviction illegal? Certainly not, because if such was the case we assume that the evidence would now be here to show that fact. It is contended that the County Solicitor could have had the evidence here, but then the County Solicitor is not seeking a reversal of the judgment, but relies upon the presumptions in favor of the correctness of the proceedings in the court below. The affirmative is upon the party seeking a reversal, and it was his duty to have the evidence here for the purpose of showing the error complained of.

The third assignment of error is: "That the information herein is not sworn to as required by law.".

Article V Constitution of 1885, Section 28, provides: "All offences triable in said (Criminal) Court shall be prosecuted upon information under oath." Chapter 3731, Section 13,

laws of 1887, prescribes the following oath to be made by the County Solicitor to informations filed by him, to-wit: " Personally appeared before me ————, County Solicitor, who, being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offence therein charged." The affidavit of the County Solicitor to the information in the case under consideration is strictly in conformity with that prescribed by the statute, and in our opinion, it is in conformity with the requirements of Article V of the Constitution. Certainly the framers of the constitution never intended that the County Solicitor should swear to such informations upon his own knowledge. Under this article of the constitution the legislature has prescribed the practice in the county criminal courts of record, and among other things, the form of the oath to be taken by the County Solicitors, which form has been followed in this case, and we can see no force in the contention that said oath is not in conformity with the constitution and the statute.

It is also assigned as error, that the court below erred in not arresting the judgment and granting a new trial. All the grounds of the motion in arrest of judgment that have been raised by the assignment of errors and insisted upon, have been already considered, and it is not important to consider them again. There are "additional" errors assigned, but they only raise the same questions that were raised by the original or general assignment.

The judgment is affirmed.