DAVE WARRACE AND JOHN WARRACE, PLAINTIFFS IN ERROR VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In an indictment for an offence not punishable with death, it is material to allege that it was committed within two years from the finding of the indictment, and this allegation must be established by proof on the trial.

2. Venue need not be established beyond a reasonable doubt.   If the evidence raises a violent presumption that the offence was committed within the county, or if the evidence refers to localities and landmarks at or near the scene of the alleged

offence, known or probably familiar to the jury, from which they may reasonably infer that the offence was committed in the county, it will be sufficient.

3. In cases of felony where the record fails to show that the accused was arraigned, or personally pleaded to the indictment, or was personally present in court during the trial, it is fatally defective.

Writ of Error to the Circuit Court for Wakulla county.

The facts of the case are stated in the opinion of the court.

*N. R. Walker* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J.:

The plaintiff in error, together with Prince Robinson, John Johnson and Joe Clemens, were indicted at the Fall term, 1890, of the Circuit Court of Wakulla county, for an assault with intent to murder one J. B. Hopkins. Robinson and Johnson not being in custody, and a *nolle prosequi* having been entered as to Clemens, the other defendants below, plaintiffs in error here, were tried in the Circuit Court for Wakulla county, on the 29th day of October, 1890, and convicted of the charge preferred against them.

Said defendants by their attorney moved the court below to grant them a new trial upon the following grounds: "The verdict is contrary to law; contrary

to the evidence, and contrary to the charge of the court." This motion was overruled by the court, and defendant, Dave Warrace, sentenced to the State penitentiary for two years, and defendant, John Warrace, sentenced for seven years, to which decision of the court said defenndant excepted. During the same term, and in open court, said defendants below entered an appeal from the judgment of the said Circuit Court to this court, and assign herein the following errors: "The court erred in overruling the defendant's motion for a new trial upon the grounds set forth in said motion, to wit: that the verdict of the jury was contrary to law, and the evidence, and contrary to the charge of the court." The only charge given the jury by the court was the following: "If you find from the evidence that the defendants, with deadly weapons, assaulted Mr. Hopkins, with a premeditated design to effect his death, you should find them guilty; but if, from the evidence, there should be reasonable doubt upon your minds as to any of these points, you should find them not guilty."

The evidence introduced on the trial of this case is embodied in a bill of exceptions constituting a part of the record here, and a careful examination of this evidence satisfies us that the judgment of the Circuit Court cannot be sustained. That the defendants committed the offence, with which they are charged, within two years from the finding of the indictment, and within the county of Wakulla, were material allegations and necessary to be established by proof. It is

not ordinarily necessary to prove the offence to have been committed on the day of the month or year specified in the indictment, but it is essential that the proof should show, in offences not punishable with death, that the crime was committed within two years from the presentment of the indictment. McClellan's Digest, p. 435, sec. 2 ; Nelson vs. State, 20 Fla., 195 ; Cook vs. State, 20 Fla., 802 ; Robinson vs. State, 20 Fla., 804. The evidence contained in the bill of exceptions does not show when the alleged offence was committed, nor does it show anything from which the date can be fixed. We are not at liberty to disregard such a defect as this, and upon the record before us must reverse the judgment of the court below.

The proof of venue, as shown by the evidence in the bill of exceptions, is not satisfactory. It is not necessary to establish venue beyond a reasonable doubt. "If the evidence raises a violent presumption that the offence was committed in the county, or if it may be reasonably inferred from the evidence, it is sufficient proof." Where the evidence refers to localities and landmarks at or near the scene of the alleged offence, known by or probably familiar to the jury, and from which they may reasonably conclude that the offence was committed in the county, it will be sufficient. Andrews vs. State, 21 Fla., 598, and authorities there cited. We are not satisfied that the facts disclosed in the record are sufficient to satisfy the rule above announced.

We deem it not improper to refer to another defect in the record before us. All that appears in reference to the arraignment of the accused is the following: "This cause coming on to be heard on the 29th day of October, 1890, and was heard on the above named day, Judge David S. Walker presiding, on the bench, and E. C. Love, State's Attorney, N. R. Walker, for defendants; their plea—not guilty." There is nothing here to show that that the accused were arraigned, were personally present in court, or personally pleaded to the indictment. The charge here is a felony, and the record show that the accused were properly arraigned, and personally pleaded to the indictment. 1 Bishop. Crim. Pro., secs. 268-271.

The judgment is reversed, and the prisoner directed to be held in custody to await a trial *de novo*.