THE STATE v. CAMPBELL, *Appellant*.

Division Two, May 2, 1893.

1. **Criminal Practice**: INSTRUCTIONS: BILL OF EXCEPTIONS. Instructions will not be considered on appeal where they are not incorporated into the bill of exceptions and the latter contains no direction to the clerk to copy them.

2. ———: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A new trial will not be awarded on the ground of newly discovered evidence where the affidavits in support of the same disclose no diligence and do not show that the evidence is not cumulative or would likely change the result if the new trial were granted.

3. ———: ———: ———. A motion for a new trial should in such case be accompanied by the affidavit of the defendant.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

115 391
124 646

115 391
126 553
127 296

115 391
136 50
136 100

115 391
139 219

115 391
141 325

115 391
147 72
148 18
148 240

115 391
153 468
153 577

115 391
162 687

115 391
166 588

*H. C. Pepper, W. Cloud & A. J. Harbison* for appellant.

Instructions 1 and 2 do not contain all of the elements of grand larceny. They should have told the jury that the taking of the cow must have been wrongful or with a felonious intent. *State v. Moore,* 101 Mo. 316, and cases cited. The motion for a new trial should have been sustained. The newly discovered evidence would probably change the result of the trial, and the defendant was guilty of no laches, only becoming aware of such evidence after trial. *State v. Wheeler,* 94 Mo. 252; *State v. Bailey,* 94 Mo. 311; *State v. Murray,* 91 Mo. 104. For the reasons herein given the judgment should be reversed.

*R. F. Walker,* Attorney General, for the state.

(1) The indictment, in the usual language, charges defendant with grand larceny, and is sufficient. Revised Statutes, 1889, sec. 3535. (2) The instructions not having been preserved in the bill of exceptions will not be reviewed by this court. Revised Statutes, 1889, sec. 4221; *State v. Griffin,* 98 Mo. 672; *State v. DeMosse,* 98 Mo. 340; *State v. Meyers,* 99 Mo. 107; *State v. Hope,* 100 Mo. 347; *State v. Day,* 100 Mo. 242. (3) Defendant's motion for new trial on the ground of newly discovered evidence was properly overruled. Before error is to be charged to the trial court in refusing to grant a new trial defendant must show: *First,* the evidence has come to her knowledge since the trial; *second,* it was not owing to want of diligence that it did not come sooner; *third,* so material as to produce a different result if a new trial was granted; and *fourth,* not cumulative. *State v. Welsor* (not yet reported).

SHERWOOD, J.—Indicted under the provisions of section 3535, Revised Statutes, 1889, for stealing the cow of Valentine Rogers, in Barry county, the defendant on her change of venue to Newton county was convicted of the theft, and, sentence having been passed upon and judgment entered against her, she appeals to this court.

I. Complaint is made that the two instructions given at the instance of the state are erroneous; but we cannot notice the instructions because they have not been incorporated in the bill of exceptions, nor does the bill of exceptions contain a direction to the clerk to copy the same, etc. *State v. Griffin*, 98 Mo. *loc. cit.* 674.

II. Complaint is also made that a new trial should have been granted because of newly discovered evidence; but we are not of this opinion. The affidavits disclose no diligence, nor that the new evidence is so material as would be likely to change the result were a new trial granted. Nor does it appear that such evidence is not cumulative. *State v. Welsor*, 21 S. W. Rep. 443, and cases cited.

III. Moreover, the motion for a new trial was not accompanied by the affidavit of the defendant, as it should have been. 3 Graham & Waterman on New Trials, pp. 1067, 1071, 1073; *State v. McLaughlin*, 27 Mo. 111.

IV. The testimony in this cause, consisting as it did in part of damaging admissions of the defendant as well as much other testimony, was amply sufficient. There was some testimony to the contrary, but to the jury belonged the right and authority to determine the innocence or guilt of the defendant, and we are not authorized to disturb the verdict. Therefore judgment affirmed. All concur.