JOHN W. MCKINNIE AND SUSAN STRICKLAND, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

## CRIMINAL LAW—ALLEGATION AND PROOF OF VENUE.

It is necessary for an indictment to state the county within which the offense was committed, and the proof must affirmatively sustain such allegation. Such venue need not be established beyond a reasonable doubt. But if the evidence raises a violent presumption that the offense was committed within the county charged, or if the evidence refers to locations and land marks at or near the scene of the alleged offense, known or probably familiar to the jury, from which they may reasonably have inferred

that the offense was committed in the county charged, it will be sufficient. But where the evidence wholly fails to show in what county or State the crime was committed, a judgment of conviction will be reversed.

Writ of Error to the Circuit Court for Washington County.

The facts of the case are stated in the opinion of the court.

*Benj. S. Liddon,* for Plaintiffs in Error.

*William B. Lamar,* Attorney-General, for the State.

TAYLOR, C. J.

The plaintiffs in error were indicted, tried and convicted at the Spring term, 1901, of the Circuit Court for Washington county of the crime of living together in an open state of adultery, and from the sentences imposed seek relief on writ of error returnable to the present term of this court.

The only error assigned is the denial of the defendants' motion for new trial. This motion was based upon the following grounds: 1st. That the verdict is unsupported by the evidence. 2nd. That the verdict is contrary to the evidence. 3rd. That the verdict is contrary to the charge of the court. 4th. That the verdict is contrary to the law. The first contention under this assignment is that the State failed to prove the venue of the crime. In the case of Cook v. State, 20 Fla. 802, it is held that it is necessary for an indictment to state the county within which the offense was committed and the proof must af-

firmatively sustain such allegation; and that in such a case a new trial will be granted when all the evidence taken in the court below fails to establish the venue as laid in the indictment.   In Warrace v. State, 27 Fla. 362, 8 South. Rep. 748, it is held that venue need not be established beyond a reasonable doubt.   If the evidence raises a violent presumption that the offense was committed within the county, or if the evidence refers to localities and landmarks at or near the scene of the alleged offense, known or probably familiar to the jury, from which they may reasonably infer that the offense was committed in the county, it will be sufficient.   Smith v. State, 29 Fla. 408, 10 South. Rep. 894; Duncan v. State, 29 Fla. 439, 10 South. Rep. 815; Leslie v. State, 35 Fla. 184, 17 South. Rep. 559.   After a careful examination of the evidence we do not think that, even under the liberal rule as to the sufficiency of proof of venue announced in the cases last cited, the evidence in this case sufficiently establishes the venue of this crime as being in the county charged in the indictment.   It wholly fails to show either in what county or State the crime was committed, neither does it refer to locations or landmarks at or near the scene of the alleged crime, known or probably familiar to the jury, from which they might reasonably have inferred that the offense was committed in the county charged.

It is further contended that the evidence in the case otherwise fails to make out the crime charged, but as the judgment must be reversed because of the failure of the proof as to venue, and another trial ordered, it will be improper for us to express any opinion as to the merits or demerits of the proofs upon the main facts in the case.

For the error found the judgment of the court below is reversed and a new trial ordered.