JOSEPH VICKERY, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Questions relating to the credibility of a witness are material and proper on cross examination and the testimony thus sought may form the basis for impeaching the witness.

2. Statements made by the deceased four, five or ten minutes after a fatal shooting as to who shot him and whether or

not the defendant shot him, are not a part of the **res gestae** when it is not shown what transpired between the shooting and the time stated so as to make it clear that the supervening circumstances, including the statements enquired about, were all the product of and a part of the difficulty itself.

3. Declarations of a person shot made four, five or ten minutes after the shooting which do not appear to have been the product of or a part of the difficulty are not a part of the res gestae and are properly excluded.

4. It is within the discretion of the trial court to refuse to allow all the witnesses to be sworn on **voir dire** before they are sworn as witnesses, as such a course might seriously impede the trial. If a witness is not competent to testify it may be disclosed when he is called to testify.

5. In a prosecution for murder a charge that "in this case there is no denial of the unlawful killing of I. J., but defendant set up as his defense that some other person than he did the shooting and killing; that he did not do it," is erroneous where there is a plea of not guilty and the unlawful killing is not admitted by the defendant, as the presumption of innocence follows the defendant until his guilt is proven beyond a reasonable doubt.

6. The correctness of a charge on a higher grade of offense than that of which the defendant has been convicted becomes immaterial, and no error can be predicated thereon.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

10 S. C.

*J. Emmett Wolfe* (with whom was *Geo. C. Douville and .J. P. Stokes* on the brief), for Plaintiff in Error.

. *W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, J.   The plaintiff in error was indicted in the Circuit Court for Escambia county for murder, and Frank Morgan and Riley White were charged in the same indictment with being accessories to the murder.   Upon the trial of Joseph Vickery he was convicted of manslaughter and brings this writ of error to a judgment sentencing him to imprisonment in the State prison for the term of seven years.

An assignment of error is that the record does not show a legal and valid arraignment of defendant and a valid and legal plea by defendant.   The transcript shows the following record entry:

"State of Florida ⎫
    v.       ⎬
Joseph Vickery. ⎭

The prisoner being present in court.   A motion to quash the indictment was filed and ordered overruled by the court.   The defendant was then arraigned before the bar of the court and represented by counsel Messrs. George Danville and J. P. Stokes, appointed by the court to defend him, and pleaded not guilty to the indictment found against him."   The entry sufficiently shows the arraignment of the defendant before the bar of the court and also that the defendant in person pleaded not guilty to the indictment.

The record shows that the court in which the trial was had in Escambia county in the First Judicial Circuit was presided over by Hon. Bascom H. Palmer, who is Judge

of the Third Judicial Circuit, and it is contended that the record does not show by what authority the Hon. Bascom H. Palmer presided over the court at the trial.

On motion of the Attorney General there has been filed here a certified copy of the order of the Governor as entered on the minutes of the trial court directing the Hon. B. H. Palmer, Judge of the Third Judicial Circuit to hold the fall term of the Circuit Court of the First Judicial Circuit for the period of two weeks in and for Escambia county, Florida, beginning from and including Monday the fifth day of December, A. D. 1904. The trial was had during the time fixed in the Executive order for the Hon. Bascom H. Palmer to hold the Fall term of the court in Escambia county, and the order was made pursuant to the provisions of the constitution and laws of the State, therefore the assignment fails.

The indictment alleges that the fatal shot was fired in Escambia county, Florida, and that the deceased died in Escambia county, Florida. The proof is that the deceased died at Cedartown, Florida. As a new trial will be granted in this case on another ground it is not necessary now to determine whether or not the proof is sufficient in view of the allegation in the indictment as to the place where the deceased died. See Roberson v. State, 42 Fla. 212, 28 South. Rep. 427; McKinne v. State, 44 Fla. 143, 32 South. Rep. 786.

The denial of a motion for a new trial is assigned as error. Mrs. Chancellor, a witness for the defendant, testified that she saw the shooting and gave particulars as to what was done by those present, and on cross-examination denied that directly after the shooting she asked a Mr. White "what was the trouble up there." Mr. White was called and testified that he saw Mrs. Chancellor and her daughter on the street about the time of the shooting;

that as he went out of his gate they were going by. He was asked: "As you reached them, will you state whether or not Mrs. Chancellor made any remark to you or asked any questions?" This question was objected to by the defendant because its purpose was to impeach Mrs. Chancellor as to immaterial and irrelevant testimony given by her. The objection was overruled and defendant excepted. This ruling is a ground of the motion for new trial and it is insisted that testimony of Mrs. Chancellor on cross-examination which it was sought to impeach was not in cross of her testimony in chief and that it was collateral, immaterial and irrelevant. The purpose of the cross-examination was to show that as Mrs. Chancellor asked what the trouble was just after the shooting she could not have seen the particulars of ·it as she had testified in chief. This was proper cross-examination and it was material and relevant. There was no error in overruling the objection to the question asked Mr. White.

On cross-examination Mrs. Chancellor was asked: "Did you tell Mr. John Vaughn that Mr. Batts came there for the purpose of getting you to testify in Vickery's behalf, and Batts at that time told you there would be money in it for you if you would do it?" She answered, "No sir." Vaughn was produced and after stating that he knew Mrs. Chancellor, was asked: "Will you state whether or not at the time you went to serve a subpoena on her as a witness before Judge Stilley at Century, Florida, she made a statement to you about a man Batts, wanting her to testify as a witness for Vickery in this case?" This question was objected to by the defendant on the ground that its object was to impeach Mrs. Chancellor's testimony as to immaterial and irrelevant matters. The objection was overruled and an exception taken. The ruling is a ground of the motion for new trial. The matter en-

quired about was material as it related to the credibility of the witness, and as a proper predicate was laid the objection to the question was properly overruled.

The defense introduced three different witnesses and asked each one of them to testify whether or not, within the next four, five or ten minutes after the shooting the deceased stated to the witness who shot him, and whether the man who shot him had two legs, and whether or not the defendant shot him. The State Attorney objected to the questions as seeking hearsay testimony. The objection was sustained and the defendant excepted. The transcript does not disclose what transpired between the shooting and the time to which the questions relate, so as to show that the supervening circumstances including the statements enquired about were all the product of and a part of the difficulty itself. In the absence of such showing the questions objected to can not be held to relate to declarations which were produced by the occurrences to which they relate, but rather that they relate to a retrospective narration of them, and they were, therefore, properly excluded. Nelson v. State, 130 Ala. 83, 30 South. Rep. 728; Smith v. State, 48 Fla. 307, 37 South. Rep. 573; Lambright v. State, 34 Fla. 564, 16 South. Rep. 582.

The transcript recites that the State produced six witnesses "and offered the same to be sworn to testify in the said issue, and before the said witnesses were sworn to testify in the said issue, the defendant demanded that the said witnesses be sworn on their *voir dire* to answer to their qualifications to become witnesses in the said issue, which demand was then and there refused by the court. The court stated the defendant would have the right to examine the witnesses as to their qualifications to testify when they were put on the stand to testify. To which ruling the defendant did then and there except."

It was within the discretion of the trial court to refuse to allow all the witnesses to be sworn and examined on *voir dire* before they were sworn as witnesses, as such a course might seriously impede the trial of the cause. If a witness is not competent to testify this may be enquired into when he is called to testify and it was not error for the trial court to refuse to have all the witnesses for the State examined on *voir dire* before any of them were called to testify. When the witnesses were called no effort was made to disqualify them as witnesses although the court announced that an opportunity to do so would be allowed.

The seventh ground of the motion for new trial is that "the court erred in assuming in its charge to the jury that the defendant Joseph Vickery did not deny the unlawful killing of the deceased, Isaac Jacobs." The charge referred to is as follows: "In this case there is no denial of the unlawful killing of Isaac Jacobs, but defendant sets up as his defense that some other person than he did the shooting and killing; that he did not do it." The unlawful killing was not admitted by the defendant. There was a plea of not guilty, and as the presumption of innocence followed the defendant until his guilt was proven beyond a reasonable doubt, it was incumbent on the State to so prove the unlawful killing alleged, and it was error to charge that "there is no denial of the unlawful killing of Isaac Jacobs." Cook v. State, 46 Fla. 20, 35 South. Rep. 665.

It is contended that "the court erred in charging the jury in regard to principals in the second degree when there was no evidence upon which to hypothesize such a charge." As the jury returned a verdict of manslaughter the correctness of a charge on the subject of murder in the first degree is immaterial and no error can be pred-

icated thereon, Mathis v. State, 45 Fla. 46, 34 South. Rep. 287.

The special charges by the defendant were erroneous, and properly refused.

The judgment is reversed at the cost of Escambia county, and the cause is remanded for a new trial.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, P. J., and HOCKER, J., concur in the opinion.

PARKHILL, J., being disqualified, took no part in the consideration of this case.