WILLIAM CLOUD AND ADA STRICKLAND, *Plaintiffs in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

To convict of the crime of lewd and lascivious association and
cohabitation, under Section 3519 of the General Statutes,
there must be proved both lewd and lascivious intercourse,
and a living or dwelling together as though the conjugal rela-
tion existed between the parties when that relation does not
lawfully exist. When the evidence shows a lewd and las-
civious intercourse between the parties, but does not show
that they associated and cohabited together as man and wife,
a conviction should not be sustained, since an essential ele-
ment of the offense is not proven.

Writ of error to the Criminal Court Walton County.

The facts in the case are stated in the opinion of the
court.

*W. T. Bludworth,* for Plaintiffs in Error;

*Park Trammell, Attorney General* and *C. O. Andrews,*
for the State.

WHITFIELD, C. J.—The information in two counts
charges that the defendants a man and a woman and not
being lawfully married to each other "did unlawfully and
lewdly and lasciviously associate and cohabit together as
man and wife, and did openly and grossly cohabit together
and ———— unlawfully and openly and grossly occupy
the same room and bed, in open, lewd and public cohabita-
tion." A conviction was had on both counts.

The statute provides that "If any man and woman, not
being married to each other, lewdly and lasciviously asso-
ciate and cohabit together, or if any man or woman mar-

ried or unmarried, is guilty of open and gross lewdness and lascivious behavior, they shall be punished," etc. Sec. 3519 Gen. Stats.

The information is obviously based upon the penalty imposed by the statute when a man and woman not being married to each other, "lewdly and lasciviously associate together;" and the information does not charge the offense of "open and gross lewdness and lascivious behavior."

To convict of the crime of lewd and lascivious association and cohabitation, under section 3519 of the General Statutes, there must be proved both lewd and lascivious intercourse, and a living or dwelling together as though the conjugal relation existed between the parties when that relation does not lawfully exist. When the evidence shows a lewd and lascivious intercourse between the parties, but does not show that they associated and cohabited together as man and wife, a conviction should not be sustained, since an essential element of the offense is not proven. Whitehead v. State 48 Fla. 64, 37 South. Rep. 302; Thomas v. State, 39 Fla. 437, 22 South. Rep. 725; Penton v. State, 42 Fla. 560, 28 South. Rep. 774; Luster v. State, 23 Fla. 339, 2 South. Rep. 690; Pinson v. State, 28 Fla. 735, 9 South. Rep. 706.

There is evidence that the defendants on one occasion undressed and went to bed together in the presence of witnesses who were in the room as visitors, and that the defendants were by the witnesses left in the bed together and alone in the house. But there is no evidence that the defendants associated or cohabited together as husband and wife. The information does not charge the offense of "open and gross lewdness and lascivious behavior," as defined by the Statute, and as the evidence is insufficient to sustain a conviction on the charge of "lewdly and lasciv-

iously associating and cohabiting together," the judgment is reversed.

SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., absent on account of illness, concurred in the opinion as prepared.