JOHN SYNES, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion filed July 29, 1919.

1. Where a court or judge under the criminal laws of the State sentences or adjudges a person to pay a fine or fine and costs of prosecution, the alternative sentence for non-payment of the fine should be imprisonment in the county jail, and not the State prison for a period of time.

2. A bailee of property of which he has the lawful posession cannot commit larceny of it; but if possession is obtained by trick, device or fraud with intent to appropriate the property to his own use, the owner or custodian intending to part with possession only, the bailee commits larceny when he subsequently appropriates the property.

3. A witness testified that he had the custody of an automobile, that he kept it in his shop where it was undergoing some repairs, that it was removed from the shop and he did not of his *own knowledge* know *who* removed it nor *how* it was removed, *Held* insufficient to show lack of consent to its removal on his part, and insufficient to show larceny of the vehicle on the part of the defendant.

4. Before the admission of an incriminating fact by a person under arrest charged with a crime is receivable in evidence against him, it must affirmatively appear that the admission was voluntarily made.

5. Error in the admission of evidence which is harmless is not ground for reversal.

6. Section 3979 General Statutes of Florida prohibits the prosecuting attorney in a criminal case from commenting upon the failure of the defendant to testify in his own behalf. If the accused does testify in his own behalf upon one phase of the case, but not upon every phase of it, the prosecuting attorney is not permitted to comment upon the defendant's failure to testify upon every phase of the case.

A Writ of Error to the Criminal Court of Record for Orange County; T. P. Warlow, Judge.

Judgment reversed.

*Dickinson & Dickinson,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

ELLIS, J.—The plaintiff in error and Jacque Cartridge were informed against in the Criminal Court of Record for Orange County for the larceny of an automobile alleged to be the property of C. D. Christ. There were five counts to the information. The first charged the defendants jointly with the larceny of the car; the second charged Jacque Cartridge as principal and John Sykes as accessory before and after the fact; the third charged Sykes as principal and Cartridge as accessory before and after the fact; the fourth charged John Doe an unknown person as principal and Cartridge and Sykes as accessories before and after the fatc, and the fifth charged John Doe, an unknown person, as principal and Cartridge and Sykes as accessories after the fact. It was alleged that the car was stolen in Orange County on the 27th day of December, 1918. The plaintiff in error was placed on trial in March, 1919, and was found guilty as charged in the first count of the information. The judgment of the court was as follows: "John Sykes, you will please stand up. Have you anything to say why the judgment of the court should not be passed upon you, and the said defendant having nothing to say, it is the sentence of the law and judgment of the court that you, John Sykes, for

the offense of which you have been found guilty, pay a fine of $2,000.00 and costs, and in default thereof that you be confined in the State penitentiary of the State of Florida for the term of eighteen months, the defendant, John Sykes, being then and there present."

The sentence was erroneous in that the primary punishment imposed being a fine and costs only, the court should have fixed a period of imprisonment in the county jail instead of the penitentiary on non-payment of the fine. See Section 4011, Gen. Stats. 1906; Thompson v. State, 52 Fla. 113, 41 South. Rep. 899; Dean v. State, 41 Fla. 291, 26 South. Rep. 638; Douglass v. State, 53 Fla. 27, 43 South. Rep. 424; Bueno v. State, 40 Fla. 160, 23 South. Rep. 862; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; Enson v. State, 58 Fla. 37, 50 South. Rep. 948; Taylor v. State, 67 Fla. 127, 64 South. Rep. 454.

The plaintiff in error seeks a reversal of the judgment upon the grounds that the verdict is not supported by the evidence; that the trial court erred in refusing certain instructions requested in behalf of the defendant below; in admitting certain evidence and overruling the motion for a new trial. The motion for a new trial contains forty-eight grounds; all of them, however, are not discussed. Those grounds which are discussed in the brief present questions of the admissibility of certain statements, admissions or confessions of the defendant, Sykes, and of the defendant, Cartridge, made in the presence of Sykes after the two had been arrested, concerning their possession of the car shortly after it had been stolen; the contents of a certain bill of sale for the automoblie which the defendant, Cartridge, held and the propriety of the argument of the County Solicitor in commenting upon the failure of the defendant, Sykes,

to testify concerning certain matters of fact to which other witnesses had testified and which the solicitor seemed to regard as incriminating, if not explained.

It appears from the evidence that the automobile which was alleged to have been stolen was the property of Dr. C. D. Christ; that when the car was taken it was in a shop occupied by N. Hudson, a painter and decorator, to whom Dr. Christ had taken the car to be painted, and who had "charge of the car" at the time. Mr. Hudson saw the car in his place of business about 6 o'clock on the night of December 26th, 1918. On the morning of December 27th, the car was gone. Dr. Christ said nothing about authorizing any one to remove the car from the shop, nor that he had not given possession to any one to do so, but did say the car was in charge of Mr. Hudson at the time. Dr. Christ was asked if he lost a car on or about the 26th or 27th of December, and replied in the affirmative. The testimony of Mr. Hudson on this subject was that he saw the car "about 6 o'clock on the night of the 26th, on Thursday night;" that *he* did not move the car from his place of business after 6 o'clock that night; that his "place" was not locked at the time he left it on the night of the 26th, and that he did not of his *own knowledge* know *"how"* the car was taken from his place or who took it from there.

This was all the evidence offered by the State as to the unlawful taking of the car. If Mr. Hudson had charge of the car, a removal of it from his shop with his consent would not have been unlawful so far as the taker was concerned if the latter had no purpose of committing theft. If therefore the car was taken with Mr. Hudson's consent, from his shop that night, and the taker had no design to commit theft of the car at the time of the taking, it would be necessary for the State to show when the design to steal

the car developed in the taker in order to establish his criminality as thief or embezzler. See Wilson v. State, 47 Fla. 118, 36 South. Rep. 580.

A bailee who has lawful possession cannot commit larceny. But one who obtains possession of personal property by trick, device or fraud with intent to appropriate the property to his own use, the owner or custodian intending to part with possession only commits larceny when he subsequently appropriates it. See Finlayson v. State, 46 Fla. 81, 35 South. Rep. 203.

In the Wilson case, *supra*, the court held that if the original taking was innocent, but the felonious intent was formed after the possession was innocently acquired, the offense committed was embezzlement. See Neal v. State, 55 Fla. 140, 46 South. Rep. 845.

The testimony of Mr. Hudson does not exclude the idea of a lawful taking of the property from the shop by some person whose name is not disclosed, or by the defendant, Sykes. That Mr. Hudson did not know of *his own* knowledge *who* took the car from the shop or *how* it was taken from the place may be entirely true and yet perfectly consistent with consent upon his part to its removal. And Mr. Hudson's possible consent to its removal may have been entirely without criminality on his part, or on the part of the person or persons who may have obtained his consent.

Mr. Hudson was asked whether he gave his consent to any one to the removal of the car that night from the shop, whether it was taken therefrom without his knowledge or consent. His reply was, "I went there at 7 o'clock the next morning and the car was gone." That statement may have been true and yet perfectly consistent with permission from him to remove the car. The

unlawful taking is an essential ingredient of the crime of larceny. There are no presumptions against the defendant. Every essential element of the crime charged must be established against the accused beyond a reasonable doubt before a conviction is warranted. To have arrived at the verdict of guilty in this case the jury must have assumed that the automobile was taken from the shop of Mr. Hudson without his consent directly or indirectly given, notwithstanding he declined to answer the question directly put to him that would have settled the point. No attention was paid to the evasive answer, and this essential element of the crime charged was left to supposition, conjecture, presumption.

Assuming that the car was stolen from the shop, that is to say that some person without Mr. Hudson's consent or knowledge carried it away with the intention to appropriate it to his own use, there is no direct evidence that the defendant, Sykes, did it, or was party to it. The State's reliance is upon circumstantial evidence to implicate the defendant, Sykes, the possession by him of the car recently after it was stolen. The evidence upon this point is that about seven or eight weeks after the car was taken from the shop of Mr. Hudson it was brought from Miami back to Orlando after having been found in Homestead and driven to Miami by Mr. Rolfe, motorcycle police officer at Miami. At the time the car was located at Homestead the defendant, Sykes, and Jacque Cartridge were taken into custody because one or both of them claimed ownership of it, and were in possession of it. To show possession by the defendant recently after the alleged larceny the State relies upon an admission by Sykes or Cartridge while in each other's presence that they bought the car from a person in Miami about 11:30

o'clock A. M. on December 28th. Mr. Cook, a witness for the State, testified that he was bringing the car back from Miami; that Sykes and Cartridge were in the car with him under arrest, and he questioned them about their possession of the car, and one of them replied that they purchased it from a man in Miami and paid him seven hundred dollars for it. Their possession of the car shortly after it was alleged to have been stolen was thus established by their admission. This circumstance was the State's sole reliance for proof of guilt. The objection was raised that the State did not show that the statement was voluntarily made. The objection was overruled. We think this ruling was error. The admission of the defendant, Sykes, that he was in possession of the car shortly after it was alleged to have been stolen was an admission of a highly incriminating fact, and before it was admissible against him it should have been shown that it was voluntarily made.

In the case of McDonald v. State, 70 Fla. 250, 70 South. Rep. 24, we said that the weight of authority sustains the view that a confession voluntarily made and not influenced by any inducement, is not rendered inadmissible because made to an officer by the accused while under arrest and in custody. In that case we said the statement was made by Mrs. McDonald voluntarily without pressure or threats or promise of lenience. The rule is settled in this State that where admissions of an incriminating fact are made by the accused to an officer while the accused is in custody charged with crime, such admissions or confessions, although extra-judicial must appear to have been voluntarily made before admissible in evidence against him. See Sims v. State, 59 Fla. 38, 52 South. Rep. 198.

It is true that practically the same admission was made by the defendant, Sykes, or Cartridge, when the two were together to the witness, Mr. Rolfe, who was an officer, but it appears from his testimony that he warned them that what they might say would be used against them. While this warning under the circumstances was unnecessary, it did show the admissions to be voluntary. So the objection to the testimony of Mr. Rolfe as to the admission concerning the possession of the car was not well founded; however, we are unable to say that the testimony of Mr. Cook was not prejudicial.

It apears from the testimony of Mr. Rolfe that the defendants, Sykes and Cartridge, held a bill of sale from the person from whom they claimed to have purchased the car; that the written instrument was produced by Cartridge and returned to him, that the parties to it were Paxon and Sykes and Cartridge. The objection that the instrument was the best evidence of its contents and that the witness should not be permitted to testify as to the names of the parties to it was overruled. We think there was no error in that ruling because it appeared that the defendants admitted so much of its contents, and the ruling, even if technically wrong, was harmless.

The defendant, John Sykes, was sworn as a witness and testified that when he and Cartridge were arrested at the hotel at Homestead he had no room at the hotel and never lived there. This was all of his testimony. During the argument the County Solicitor made the following comment: "From the evidence which the State has, I expected the defendant, he being a young man to come before the court and admit to you gentlemen the whole case and tell you the truth that he took the car, and that he is a young man and throw himself on the mercy of the

court." The defendant's counsel then objected to such comment and the court refused to instruct the jury not to consider such argument. Exception was taken to this ruling. This ruling was error. The defendant did not testify in his own behalf further than to deny that he had a room at the hotel in Homestead when he was arrested. To permit the counsel for the State to comment upon this failure of the defendant to explain his possession of the car or to testify fully in his own behalf violated the spirit and letter of the statute and should have been excluded from consideration by the jury on the court's instruction when requested by the defendant. See Section 3979, General Statutes, 1906, Compiled Laws, 1914.

For the errors pointed out the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.