DADE CARNLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 18, 1921.

1. To establish guilt upon a charge of larceny of property of the value of more than twenty dollars proof beyond a reasonable doubt that the property stolen was of the value of twenty dollars or more is required.

2. One charged with the commission of a criminal offense is presumed to be innocent and every essential element of the offense charged must be proved as alleged, otherwise a verdict of conviction will not be sustained by the evidence.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Reversed.

*E. M. Magaha,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Plaintiff in error, referred to herein as defendant, was indicted jointly with William Carnley for the larceny of property of a value of more than twenty dollars. The property alleged to have been stolen was certain de-

scribed hogs, the property of another. There was a sever-ance and upon trial of defendant a verdict of guilty as charged was returned. To the judgment imposing sentence upon him this writ of error was taken.

To establish guilt upon this charge proof beyond a reasonable doubt that the property stolen was of the value of twenty dollars or more is required. Curington v. State, 80 Fla. 494, 86 South. Rep. 344; Whitehead v. State, 20 Fla. 841; Francis v. State, 87 Miss. 493, 39 South. Rep. 897. In the absence of such evidence the charge is not proved and a verdict finding the accused guilty of such crime should not be permitted to stand. There is competent evidence in the record of the market value of hogs by weight in the vicinity in which the alleged theft occurred. But there is no sufficient proof of the weight of the stolen hogs to support a conviction of grand larceny. The owner as a witness for the State testified that "these hogs weighed about a hundred pounds." "Yes, sir, about one hundred pounds dressed." He did not say that each of the hogs weighed one hundred pounds, nor was it shown by any evidence that the aggregate weight of the hogs was sufficient, multiplied by the proved market value per pound, to amount to twenty dollars or more in value. It is true that it may be inferred that the witness intended to say that each one of the hogs would weigh one hundred pounds, that the three would weigh three hundred pounds, and this aggregate weight at the market value shown would prove the stolen property to be of the value of twenty dollars or more. But essential elements of a crime cannot be left to inference or conjecture. The accused is presumed to be innocent and every essential element of the crime must be proved as alleged. This is especially true in this class of cases, where the grade of the offense depends upon the value of the property stolen. Sykes v. State, 78 Fla. 167, 82 South. Rep.

778; Franklin v. State, 66 Fla. 213, 63 South. Rep. 418; Cloud v. State, 64 Fla. 237, 60 South. Rep. 180. The evidence would support a conviction of petit larceny, but the verdict found defendant guilty as charged and sentence was imposed accordingly.

Because of the failure to prove an essential element of the crime charged and of which defendant was convicted, there was error in denying the motion for a new trial for which the judgment must be reversed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.