N. S. Crawford, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Opinion Filed May 23, 1923.

1. To establish guilt upon a charge of embezzlement of property of the value of fifty dollars or more, proof beyond a reasonable doubt that the property stolen was of the value of fifty dollars or more and that it was fraudulently converted by the accused, is necessary.

2. Where the offense charged in a criminal prosecution is not in substance proved, the judgment should on writ of error be reversed.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Reversed.

*Ion L. Farris* and *L. E. Wade,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Upon an indictment for embezzlement of one hog of the value of Fifty Dollars ($50) there was a trial resulting in a verdict of guilty as charged. The accused thereupon was adjudged guilty by the court. To review this judgment writ of error was taken from this court.

One question only is presented, namely, the sufficiency of the evidence to support the verdict. This question was presented by motion for new trial, which was denied, and this ruling is assigned as error.

The contention is that the value of the hog was not proved. In the absence of proof of material elements of the crime charged, a judgment of conviction should be reversed. Carnley v. State, 82 Fla. 282, 89 South. Rep. 808; Rast v. State, 79 Fla. 772, 84 South. Rep. 683; Sykes v. State, 78 Fla. 167, 82 South. Rep. 778; Franklin v. State, 66 Fla. 213, 63 South. Rep. 418; Cloud v. State, 64 Fla. 237, 60 South. Rep. 180. Because of the inconclusive nature of the proof, both as to value and fraudulent conversion of the property alleged to have been taken, the judgment in this case will be reversed for a new trial.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, JJ., concur.