A. P. GORDON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed July 31, 1923.

1. In a criminal prosecution every essential element of the offense charged must be proven by competent evidence; and the best evidence reasonably obtainable should be adduced.

2. To support an indictment charging the defendant with a second offense of a like character, it is necessary for the State in proof of the latter allegation to produce the record of the prior judgment of conviction.

This case was decided by Division B.

A Writ of Error to the Criminal Court of Record for Orange County; T. Picton Warlow, Judge.

Reversed.

*John B. Sutton*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WHITFIELD, P. J.—The plaintiff in error was under Section 5486, Revised General Statutes, 1920, convicted on an information charging the unlawful sale of "intoxicating beverage," it being also alleged that he had theretofore been convicted "of the crime of unlawfully having in his possession, custody and control intoxicating liquors." This being a felony under the statute, the maximum penalty of imprisonment for three years in the State penitentiary was imposed.

In a criminal prosecution every essential element of the offense charged must be proven by competent evidence; and the best evidence reasonably obtainable should be adduced.

Without objection the State produced testimony of the Clerk of the Criminal Court of Record that the records of the Court showed that the defendant had previously been convicted as alleged. The record was not produced, though apparently it was immediately accessible.

To support an indictment charging the defendant with a second offense of a like character, it is necessary for the State in proof of the latter allegation to produce the record of the prior judgment of conviction. Norwood v. State, 80 Fla. 613, 86 South. Rep. 506.

In a prosecution for a second offense "where the second conviction virtually raises a misdemeanor to the grade of a felony, which is to result in incarcerating the accused in the penitentiary for a period of from two to five years, and where such second conviction is made absolutely dependent on a former one, a decent regard for the rights and liberty

of the accused, however humble his station in life, ought to, and does, require that nothing less than a judgment of conviction, plainly setting forth the former offense, and adjudging the accused guilty thereof, will suffice as a basis for the second prosecution. At common law, where it is proposed to show a person incompetent to testify as a witness by reason of having committed an infamous crime, it is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt. 1 Greenl. Ev. (14th ed.) Sec. 375. And surely an equally stringent rule should prevail where the consequences of a former judgment are far more serious, as in the present instance.'' State v. Brown, 115 Mo. 391, 22 S. W. Rep. 367; Morgan v. Commonwealth, 170 Ky. 400, 186 S. W. Rep. 132; Underhill's Crim. Ev. Sec. 778.

Reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.