### J. W. ALBRITTON v. STATE.

150 So. 607.
Division B.
Opinion Filed October 27, 1933.

W. D. Bell and A. Y. Teachey, for Plaintiff in Error;

Fred H. Davis, Attorney General, and Roy Campbell, Assistant, for the State.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment, except in the pronouncement of the sentence.

The sentence was:

"The prisoner being at the bar in custody and having heretofore been adjudged guilty by the Court, was asked by the Court if he had anything to say why sentence should not be passed upon him and he saying nothing in bar or preclusion, etc., for your said offense the Court adjudged you guilty, it is the judgment of the Court and sentence of the Law that for your said offense you pay a fine of $1500.00 and in default thereof, that you serve three years in the State Prison."

Section 6114 R. G. S., 7419 C. G. L., provides as follows: "Whenever any court or judge shall, under the criminal laws of this State, sentence and adjudge a person to pay a fine, or a fine and costs of prosecution, such court or judge shall also provide in such a sentence a period of time for which such person shall be imprisoned in the county jail in default of payment of the same."

In this case the primary sentence was the imposition of a fine which was valid but the alternative cannot be imprisonment in State Prison. See Sykes v. State, 78 Fla. 167, 82 Sou. 778.

The judgment of conviction is, therefore, affirmed, and the cause remanded with directions that alternative sentence be imposed as required by law.

Affirmed and remanded.

474

, WHITFIELD, TERRELL and BROWN, J. J., concur.

. ELLIS, J., not participating.

. DAVIS, C. J., disqualified.