RALPH RIVERS v. STATE.

192 So. 190
Division B
Opinion Filed November 14, 1939

*John R. Parkhill* and *Manuel M. Garcia,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, and *W. Wallace Shafer,* Assistant Solicitor, for Defendant in Error.

CHAPMAN, J.—Plaintiff in error, Ralph Rivers, and Julio Meana, Albert Rodrigues and Albert Wilson Laney, alias Ab DeLaney, were informed against on June 28, 1938, by

the County Solicitor of Polk County, Florida, for breaking and entering a store in the night time with the intent to commit a felony, to-wit, grand larceny. The crime was alleged to have been committed on the 26th day of June, 1938. The record shows that Albert Rodrigues and Julio Meana upon arraignment entered pleas of guilty, while Ralph Rivers and DeLaney filed pleas of not guilty and were placed upon trial and a verdict of guilty was entered against them by the jury. Plaintiff in error, Ralph Rivers, was sentenced by the lower court to the State prison at hard labor for a period of ten years. From this judgment an appeal has been perfected and the cause is here for review.

The question presented to this Court is whether or not the evidence adduced on the part of the State is sufficient to support the verdict. It is undisputed that the four defendants were in Haines City on Saturday morning, June 25, 1938, and stopped at a restaurant located on the outskirts of Haines City, where they stayed for a few minutes. They were seen again in Haines City by Miss Jonnie May Grant around 4:00 o'clock P. M. on the same day, and a Mr. Justice saw them in a black V-8 Ford automobile with red wire wheels about four or five miles north of Haines City that afternoon and his suspicions were aroused and he made a note of the license number of the car. There was no evidence adduced on the part of the State which showed that Ralph Rivers was in Haines City after 4:00 or 5:00 o'clock Saturday afternoon, June 25, 1938.

Somewhere around the midnight hour on June 25, 1938, the Highlands Grocery Company's place of business at Davenport was entered. The night watchman fired on the burglars and the defendants pleading guilty were captured by the officers and each were suffering from gunshot wounds. The plaintiff in error was picked up shortly after the crime by the police force in Tampa, his home. He was

taken to police headquarters, advised of his constitutional rights and interrogated concerning the robbery at Davenport. The officers testified that Ralph Rivers denied an acquaintance with Julio Meana and Albert Rodrigues, and further stated that he had never been around Haines City with them, but later in the same conversation admitted his acquaintanceship with Meana and Rodrigues and his trip to Haines City.

The testimony showed that the four had whisky and beer, and after leaving Haines City around 5:00 o'clock went to the woods and the four drank more whisky. Ralph Rivers told the officers he passed out and came to around 11:00 o'clock the next day at a fishing camp near Tampa. His sister and girl friend testified they saw him at a beer parlor in Tampa between 11:00 and 11:30 Saturday night, June 25, 1938. The four defendants named in the indictment did not give testimony when the case was being tried in the lower court.

The incriminating statements made by plaintiff in error to the officers shortly after he was taken into custody are susceptible of the construction that he had known the parties jointly indicted with him and that he had been on a trip with them to Haines City in a Ford car with red wire wheels, but was not with the defendants pleading guilty to breaking and entering the grocery store when the crime was committed. There is no evidence in the record to show that Ralph Rivers participated in the burglary of the grocery store or assisted others in so doing The testimony on the part of the State on this point brings Ralph Rivers to Haines City, some four or five miles from Davenport, around 5:00 o'clock on the afternoon of June 25, 1938, while the robbery occurred around midnight the same day.

It is academic and a well established principle of criminal law that the burden of proof is on the State of Florida to

establish every essential or material allegation of the information beyond a reasonable doubt before a verdict of guilty is authorized. See Campbell v. State, 92 Fla. 775, 109 So. 809; Folks v. State, 85 Fla. 238, 95 Sou. 619; Gordon v. State, 86 Fla. 255, 97 So. 428; Sykes v. State, 78 Fla. 167, 82 So. 778, 780; Cornley v. State, 82 Fla. 282, 89 So. 808.

It is a well established rule in Florida that the law presumes that a person charged with crime is innocent, and the presumption of innocence follows a defendant charged with crime through each step in the trial until the presumption is overcome by evidence showing the guilt of the accused beyond a reasonable doubt. See Baggett v. State, 94 Fla. 252, 114 So. 236; Roe v. State, 96 Fla. 723, 119 So. 118; Campbell v. State, 92 Fla. 775, 109 So. 809; Varnley v. State, 82 Fla. 282, 89 So. 808; Vickery v. State, 50 Fla. 144, 38 So. 907; McNair v. State, 61 Fla. 35, 55 So. 401.

We have carefully read the testimony, examined the briefs of counsel and heard oral argument at the bar of this Court, but we have searched in vain for evidence adduced by the State to establish the material allegations of the indictment against plaintiff in error. It is true that contradictory statements appear in the record as having been made by the defendant, but probative force and weight can be given to this testimony and still no testimony appears in the record to sustain the material allegations of the information.

Human liberty should not be forfeited by conviction under evidence which is not sufficient to convince a fair and impartial mind of the guilt of the accused to a moral certainty and beyond a reasonable doubt. See Heath v. State, 97 Fla. 330, 120 So. 846; McNeil v. State, 104 Fla. 360, 139 So. 791; McDonald v. State, 56 Fla. 74, 47 So. 485; Kurtz v. State, 26 Fla. 351, 7 So. 869.

It is next contended by the State that it was within the province of the jury from all the evidence, under appropriate instructions by the trial court, to determine the guilt or innocence of Ralph Rivers. We agree with this salutary principle of law, but if the State fails to prove the material allegations of an information and the issues are submitted to a jury and a verdict of guilt found, it is fundamental that the jury passing upon the facts was actuated by motives or reasons *dehors* the record.

The administration of justice requires that the judgment appealed from be reversed and a new trial awarded. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.