**J. A. DEES v. STATE OF FLORIDA**

19 So. (2nd) 705                                    June Term, 1944
November 10, 1944                                  Division B

W. P. *Chavous*, for appellant.

J. *Tom Watson*, Attorney General, and *John C. Wynn*, Assistant Attorney General, for appellee.

BUFORD, C. J.:

Appellant, having been convicted of the offense denounced by Section 590.08 Fla. Stats. 1941, and sentenced under the provisions of Section 590.14 Fla. Stats. 1941 (both F.S.A.), have perfected his appeal here to have the judgment reviewed.

On appeal the first challenge is to the sufficiency of the evidence to support the verdict and judgment.

The evidence is such that no possible doubt can exist as to the guilt of appellant.

The appellant also challenges the legality of the judgment entered against him. This is much more serious, and if former decisions on the subject are to be followed, judgment is patently erroneous. The penalty statute (590.14) provides that "upon conviction . . . [the violator shall be] — punished by a fine of not less than $500.00 nor more than $1,000.00 or by imprisonment in the state prison for not less than one year or more than three years, or both by fine and imprisonment."

It has long been the rule in this State (based on Sec. 4411 Gen. Stats., 6114 R.G.S. and 8419 C.G.L.) that where the primary penalty is the payment of a fine the alternative sentence shall be imprisonment in the county jail. There are many cases on the subject, for instance, Sykes v. State, 78 Fla. 167, 82 So. 778. In this opinion there was cited Section 4411 Gen. Stats. 1906. In that law and in Section 6114 R.G.S. 1920, and Section 8419 C.G.L. 1927, there appeared the identical provision that in case a defendant was ordered to pay a fine, the sentence should require imprisonment in the *county jail* in default of payment of the fine.

In Section 260 of the Criminal Procedure Act (921.14 Fla. Stats. 1941) the phraseology was revised to read: "Whenever a court shall sentence and adjudge a person to pay a fine . . . and costs of prosecution, such court shall also provide in such

sentence a period of time for which such person shall be imprisoned in default of the payment of the same."

Thus, it will be observed that in the enactment of Section 3261 Criminal Procedure Act (921.14 Fla. Stats. 1941) (same F.S.A.) the requirement for sentence in "county jail" in default of payment of fine was deliberately eliminated. The result of this legislative modification of the statute changes the law of Florida so that our previous decisions in this regard are no longer controlling.

The statute 509.14 Fla. Stats. 1941, (same F.S.A.) is now the applicable law. and under this statute the sentence is justified.

Judgment affirmed.

So ordered.

BROWN, THOMAS and SEBRING, JJ., concur.