FARMER, J.
 

 This appeal deals with evidence about the value of stolen goods. The issue is whether the evidence supports a verdict of grand theft. We conclude that it is insufficient to support the threshold value and reverse.
 

 The charges involved shoplifting — a euphemism for stealing — at Bealls Department Store. We pass by the evidence of defendant’s involvement in the taking, which was substantial and essentially un-contradicted.
 

 On the issue of value of the stolen goods, the State introduced a “receipt” generated by the store after the offense showing that the actual retail price of the goods stolen was $230. The State also offered the testimony of the then store manager, now a loss prevention specialist for the company. His testimony was this. Bealls offers goods at reduced prices. These goods are booked in inventory at the “manufacturer’s suggested retail price” (MSRP), but are actually sold at reduced prices as shown on a receipt given at the time of sale. He testified that Bealls considers the value of stolen goods to be the MSRP rather than the actual sale price because the sale price is intended only for customers who purchase at that price, not for those who take the goods "without paying.
 

 The statute defines value as “the market value of the property at the time and place of the offense.” § 812.012(10)(a)l, Fla. Stat. (2007). Evidence of value is essential to a conviction for grand theft; the State must prove value beyond any reasonable doubt.
 
 Camley v. State,
 
 82 Fla. 282, 89 So. 808 (1921).
 

 We take the statutory term
 
 market value
 
 to mean the price actually charged and received by the merchant in usual, customary sale of the goods stolen. The cases hold that when the theft is from a department store and salability at a specific price is established, the retail price is deemed the market value.
 
 Emshwiller v. State,
 
 462 So.2d 457 (Fla.1985) (jury instruction that retail price establishes market value);
 
 Negron v. State,
 
 306 So.2d 104, 108-09 (Fla.1975) (evidence should have shown retail prices of all stolen items and salability at that price near the time of the alleged theft to demonstrate their market value).
 
 [1]
 
 We repeat: a cash register “receipt” generated by Bealls shortly after the theft showed the usual, customary retail price of the stolen goods to be $230.
 

 It follows that the only competent evidence of value is the retail price actually charged customers at the time of the offense. The internal policy of the department store may book the value of stolen goods at the MSRP, even though they are actually sold below that value, but that does not affect the statute’s requirement that stolen goods be given
 
 market value.
 
 Defendant’s conviction for grand theft must be reduced to petit theft.
 

 Reversed for consistent proceedings.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . The Court has receded from
 
 Negron
 
 on other grounds in
 
 Butterworth v. Fluellen,
 
 389 So.2d 968 (Fla.1980), and
 
 F.B. v. State,
 
 852 So.2d 226 (Fla.2003), but not as to the basis for determining the market value of goods stolen from department stores.