PETER SMITH, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A second indictment may be presented and filed while a former one against the same party for the same offence is still pending.
2. An indictment for murder must allege the place where the mortal stroke was given, and the evidence must support such allegation, even though the indictment alleges and the proof shows

that the deceased died of the mortal wound in the county where the indictment was found.

3.  Testimony to the effect that a mortal blow was inflicted very near to "Clarrissa's house," and that this house was near Alice Jones' house, and not very far from the home of the deceased, is not sufficient to prove the allegation that the blow was inflicted in Leon county, Florida.

Writ of Error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*E. M. Hopkins and W. C. Hodges*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error,

CARTER, J.:

On December 4th, 1899, during a term of the Circuit Court of Leon county, an indictment charging plaintiff in error with murder in the first degree was presented by the grand jury. On December 8th, another indictment for the same offence was presented, and subsequently on the same day a *nolle prosequi* was entered as to the former one. Plaintiff in error was arraigned and tried on the second indictment, found guilty of murder in the first degree, and from the death sentence passed December 9th, sued out this writ of error. The indictment alleges that the mortal stroke was given in Leon county, and that deceased died in that county. By the assignment of errors it is claimed, among other things, that the court erred in overruling the motion for

a new trial, and in permitting the second indictment to be filed before the first had been disposed of.

The court did not err in permitting a second indictment to be presented and filed, while a former one for the same offence was still pending. Eldridge v. State, 27 Fla. 162, 9 South. Rep. 448; State v. Curtis, 29 Kan. 384; Bailey v. State, 11 Tex. App. 140. But the court did err in refusing the motion for a new trial, because the State failed to prove that the mortal wound was inflicted in Leon county as alleged in the indictment. While it is unnecessary to allege the place of the death of the party slain under our statutes (Roberson v. State, decided at this term), where the indictment is found in the county where the mortal stroke was inflicted, it is necessary to allege and prove the place of the stroke, even though the prosecution be commenced in the county of death, for the stroke in such cases must be laid with particulars of time and place in order to enable the accused to prepare his defence. One of the State's witnesses testified that the deceased just prior to her death was brought up to Tallahassee from a turpentine camp, and that she died in Tallahassee, Leon county, Florida. The mortal wound was inflicted on Friday morning, September 8th, and death ensued about twelve o'clock that night. Other witnesses locate the place of the stroke as being very near "Clarrissa's house," and the latter as being in sight of Alice Jones' house, and not very far from the home of the deceased, but for aught that appears, all of these houses and the turpentine camp may have been in another county, or even in another State. The name of the camp is not given, nor does it appear how far or in what direction from Tallahassee the camp or houses mentioned were. Even under the very liberal rules regulating proof of venue prevailing in this

State, the evidence is wholly insufficient to establish the allegation that the mortal wound was inflicted in Leon county.

As to the other matters assigned as error we express no opinion, in view of the reversal of the judgment for the defect in the evidence just considered.

The judgment is reversed and a new trial granted.