414 So.2d 1096 (1982)
Lester Clark DEAN, Michael Giltner, Afton W. Pyles, Paul Richardson, and Donald Webb, Appellants,
v.
STATE of Florida, Appellee.
Nos. 81-829, 81-830, 81-832, 81-833 and 81-835.
District Court of Appeal of Florida, Second District.
May 12, 1982.
Rehearing Denied June 7, 1982.
*1097 Mark Lipinski of Law Offices of Jerome Pratt, Palmetto, for appellants.
Jim Smith, Atty. Gen., and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
By these appeals, appellants attack some troubling technical deficiencies in the information upon which they were convicted.
The state filed a single three-count information in Manatee County against the five appellants and three other defendants. Count I charged all defendants except appellant Pyles with conspiracy to possess with the intent to sell or to deliver cannabis. Count II charged all of the defendants except appellant Giltner and one of the nonappealing defendants with a separate conspiracy to possess with the intent to sell or deliver cannabis. Count III charged the same defendants as listed in count II with violation of the Florida RICO act premised upon a pattern of racketeering activity which encompassed three incidents of racketeering conduct. The first underlying incident pertained to an allegation that appellants Richardson, Webb and Pyles sought to bribe a deputy sheriff to divulge confidential information of the sheriff's office concerning its investigation of drug violations. The second and third underlying incidents were summary reallegations of the activities covered by counts I and II.
*1098 There are two basic problems with the information. The first is that while counts I and II properly allege venue to be in Manatee County, count III contains no allegation of venue. It refers only to the attempt to bribe the Manatee County deputy to obtain confidential information from the Manatee County Sheriff's Office. The other problem is that while the appellant Pyles is charged in count III, the state did not allege his involvement in two of the underlying incidents of racketeering conduct as required for conviction under the RICO act. § 943.461(4), Fla. Stat. (1979); United States v. Winter, 663 F.2d 1120 (1st Cir.1981); United States v. Welch, 656 F.2d 1039 (5th Cir.1981); United States v. Martino, 648 F.2d 367 (5th Cir.1981). The state obviously intended for the two underlying incidents of racketeering conduct involving Pyles to consist of the bribery of the deputy and the allegations in count II. However, in the course of summarizing the allegations of count II as one of the underlying incidents in count III, Giltner's name was inadvertently substituted for Pyles, even though Giltner was not charged under count II, and the state was not seeking to convict Giltner of a RICO violation.
The appellants filed numerous motions to dismiss, motions to suppress and motions for discharge, all of which were denied by the court. Ultimately, all of the appellants entered into a plea bargain under which they would be fined $4,500 for each count filed against them. As part of the bargain, they pled nolo contendere, reserving the right to appeal the denial of their several motions. While appellants raise other points on this appeal, the only ones which give us concern are those which pertain to the defects in the information described above.
The various motions to dismiss directed to the face of the information contained anywhere from twenty-two to forty-nine grounds. Nestled among the many grounds in each of the motions is the statement that count I of the information "fails to set forth jurisdiction or venue in Manatee County, Florida." Even a casual reference to the information demonstrates the total lack of merit in this position with respect to count I. However, the same attack is later made on count III by virtue of a paragraph which realleges all the defenses to count I with instructions to interlineate count III for count I "in the appropriate paragraphs and at appropriate locations throughout." As a consequence, it cannot be said that appellants totally failed to raise the question of venue with respect to count III in their motions to dismiss.
The defense of the failure of count III to properly allege a RICO violation against appellant Pyles was raised differently. Pyles never filed written motions to dismiss directed to the information. However, he did file a motion to adopt all the motions filed by codefendants Webb, Richardson and Dean. At the time of the plea hearing, his attorney called this to the attention of the judge who observed that since he had denied the other motions he would permit the motion to adopt and deny it as well. Needless to say, the motions of the other defendants say nothing about the omission of Pyles' name from the second incident of racketeering activity alleged in count III. However, the other defendants' motions to dismiss do include assertions that count III fails to legally charge them with a felony. Hence, Pyles' separate point was also technically preserved by pretrial motion.
Ordinarily, we would feel compelled to reverse on these points were it not for the fact that we have concluded that the appellants waived their right to assert them at the time they entered their pleas.
The subject of venue came up at the time the appellants tendered their pleas because the hearing was actually being conducted in DeSoto County, another county in the Twelfth Judicial Circuit, rather than in Manatee County. In the course of asking the appellants if they would waive venue for purposes of the plea hearing, it was explained to them that they had a right to be tried in Manatee County where the commission of the crimes took place. While the agreement to waive venue on the part of each defendant was obviously related to the *1099 acceptance of their pleas in DeSoto County, nevertheless the entire colloquy indicates a complete acquiescence in the fact that the venue of the alleged crimes was Manatee County.
We do not accept the appellants' contention that there can be no waiver of insufficient venue allegations in an information. The appellants rely upon State v. Black, 385 So.2d 1372 (Fla. 1980), in which the court held that an indictment which completely failed to allege venue was fundamentally defective and void. However, this decision rested in part upon the proposition that in view of the secrecy which surrounds grand jury proceedings, it was essential that indictments should facially indicate jurisdiction. Unlike an indictment, an information may be amended by the state attorney. Florida Rule of Criminal Procedure 3.140 provides that an information should not be dismissed on account of any defect unless the court should feel that it is so vague or indefinite as to mislead the accused in his defense. We believe that insufficient allegations of venue in an information are subject to being waived in the same way as defects in the allegation of essential elements of the crime.
The point involving appellant Pyles stands on a different footing. We have held that the statement of a factual basis given in connection with a guilty plea can serve to supply an essential element which is missing from the information. Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979). Florida Rule of Criminal Procedure 3.172(a) now requires the court to establish a factual basis for a plea of nolo contendere. In the course of entering the plea, Pyles' attorney announced that he would stipulate that if the case went to trial, the state could present sufficient evidence to permit the case to go to the jury. This statement had the effect of obviating the need of further stating a factual basis which would have necessarily included as an element that Pyles committed two underlying incidents of racketeering conduct.
If we seem to have strained in reaching our conclusion, it is only because we are interested in the justice of the cause. Specific arguments of the foregoing points in the court below would have resulted in an amendment to the information to correct the deficiencies. To reverse the cases under these circumstances would have the effect of exalting form over substance and circumventing the legitimate expectations of all concerned.
AFFIRMED.
RYDER and SCHOONOVER, JJ., concur.