453 So.2d 542 (1984)
Willie Edward PENNICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1740.
District Court of Appeal of Florida, Third District.
August 7, 1984.
*543 Bennett H. Brummer, Public Defender and Gitlitz, Keegan & Dittmar and Stuart H. Gitlitz, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The defendant's sole point on appeal is that the trial court erred when it denied his motion for judgment of acquittal, such motion specifically contending that the State's proof of venue was insufficient as a matter of law. We agree with the defendant and reverse his conviction.
The well-settled principles of law applicable to this case are not in dispute. The allegation in the charging document that the offense occurred within a named county is a material allegation of the charge which must be proved by the State. Smith v. State, 29 Fla. 408, 10 So. 894 (1892); Cook v. State, 20 Fla. 802 (1884); Robinson v. State, 20 Fla. 804 (1884); Bryan v. State, 19 Fla. 864 (1883). See State v. Black, 385 So.2d 1372 (Fla. 1980). However, unlike essential elements of the crime, venue need not be proved beyond a reasonable doubt, Collingsworth v. State, 93 Fla. 1110, 113 So. 561 (1927); Lowman v. State, 80 Fla. 18, 85 So. 166 (1920); Hopkins v. State, 52 Fla. 39, 42 So. 52 (1906); Smith v. State, 10 So. 894; Warrace v. State, 27 Fla. 362, 8 So. 748 (1891); Andrews v. State, 21 Fla. 598 (1885); Ball v. State, 204 So.2d 523 (Fla. 3d DCA 1967); Chaudoin v. State, 118 So.2d 569 (Fla.2d DCA 1960), but instead is sufficiently proved "if the jury can reasonably infer from the evidence that the crime was committed in the alleged jurisdiction." Ball v. State, 204 So.2d at 524. See Andrews v. State, 21 Fla. 598. Thus, proof of venue is sufficient where the evidence includes "references to various localities and landmarks at or near the scene of the [crime], known by or probably familiar to the jury, from which, under the liberal rule laid down by the courts, they may have reasonably concluded that the offense was committed in [the alleged] county," Andrews v. State, 21 Fla. at 611. See Kennedy v. State, 140 Fla. 124, 191 So. 193 (1939) (venue sufficiently established by testimony that offense at 300 East Fisher Street apparently near the federal building in Pensacola); Timmons v. State, 97 Fla. 23, 119 So. 393 (1929) (same; testimony that offense *544 occurred "on the road between Sharpe's Ferry and Ocala about one mile west of the bridge"); Collingsworth v. State, 113 So. 561 (same; testimony that offense occurred at Laurel Hill); Lowman v. State, 85 So. 166 (same; testimony that offense occurred in Port Tampa City with other references to localities and landmarks, notwithstanding the lack of affirmative evidence that Port Tampa City in Hillsborough County); Leslie v. State, 35 Fla. 184, 17 So. 559 (1895) (same; testimony that offense occurred at Lynn's Hotel in St. Augustine); Duncan v. State, 29 Fla. 439, 10 So. 815 (1892) (same; testimony that offense occurred two and one-half miles west of Lake City). However, where it cannot be fairly said that the locality referred to in the testimony as the place where the offense occurred is known by or probably familiar to the jury, see Smith v. State, 42 Fla. 236, 27 So. 868 (1900) (witnesses' testimony that blow which eventually caused victim's death was struck in an unnamed turpentine camp "very near `Clarissa's house' ... in sight of Alice Jones' house, and not very far from the home of the deceased," insufficient to prove venue), or where the locality referred to, even if known by or probably familiar to the jury, does not relate to the place of the offense, see Powell v. State, 132 Fla. 659, 181 So. 901 (1938) (testimony that defendant and owner of stolen bull both lived in Holmes County insufficient to prove that larceny of bull occurred in such county); Smith v. State, 27 So. 868 (testimony that murder victim was brought from unidentified turpentine camp where mortal blow was struck in morning to Tallahassee where she died that night insufficient to prove that offense occurred in Leon County in the absence of proof of distance and direction of camp from Tallahassee); Evans v. State, 17 Fla. 192 (1879) (testimony that "defendant has lived within two years previous to the last term of this court at a wharf known as Commendencia Street Wharf" insufficient proof that offense of keeping house of prostitution occurred in Escambia County, even if the locality of the wharf known by or probably familiar to the jury), venue is not sufficiently proved. In sum, then, proof of venue "cannot be left to guesswork on the part of the jury." Powell v. State, 181 So. at 901.
Turning now to the present case, the State contends that the evidence which sufficiently proves that the offense was committed in Dade County, as alleged,[1] is that first, the offense was said to have occurred at a location variously described by witnesses as "the County Line Road," "near the County Line dump," and "at 215th Street and 47th Avenue"; second, other testimony revealed that the victim of the shooting was taken to and treated at a hospital located in Dade County; and third, it was shown that personnel from the Dade County Sheriff's Office went to the hospital to investigate the incident. We must reject the State's contention.
Notwithstanding that the locality described as "the County Line Road" or "215th Street and 47th Avenue" and the landmark called "the County Line dump" may have been known by or were probably familiar to the jury, it is apparent that, under the unique circumstances of this case, the jury could not reasonably conclude that the offense occurred in Dade County when the descriptions themselves lead to the equally compelling conclusion that the offense occurred in Broward County.[2] Similarly, evidence that the victim of the shooting was treated at a hospital located in Dade County hardly serves to prove the venue of the crime. As the court observed in Smith v. State, 27 So. 868, the fact that the victim was removed to a hospital in Tallahassee after being assaulted, "[e]ven under the very liberal rules regulating proof of venue prevailing in this *545 State, ... is wholly insufficient to establish the allegation that the mortal wound was inflicted in Leon County."
Finally, it hardly need be said that the fact that law enforcement personnel from Dade County investigated the incident at a hospital in Dade County to which the victim had been taken proves nothing about the locus of the crime. The State might as well suggest that because the information alleges that the crime occurred in Dade County, because the case was in fact prosecuted by the State Attorney's Office of the Eleventh Judicial Circuit, or because the case was tried in Dade County before a judge of that same circuit, a jury could reasonably conclude therefrom that the crime occurred in Dade County. Were it that venue could be so established, the need to prove venue would be no more.
Reversed with directions to discharge the defendant.
NOTES
[1] The information charged the defendant with aggravated battery and possession of a firearm during the commission of a felony. The jury found the defendant guilty of the lesser-included offense of discharging a firearm in public.
[2] The State concedes that 215th Street is the same as the County Line Road and that County Line Road lies on the dividing line between Dade and Broward Counties.