GOSHORN, Judge.
Kenneth Wayne McNealy appeals his conviction for possession of cocaine with intent to sell. He urges several errors, only one of which merits discussion.
McNealy was originally charged by information in circuit court and tried for misdemeanor possession of marijuana and possession of cocaine, a third degree felony. The case was tried before the Honorable Mark J. Hill, County Judge for Lake County. At that time, Judge Hill was authorized to try third degree felonies under an administrative order issued by the Chief Judge of the Circuit pursuant to Rule 2.050(b)(4), Florida Rules of Judicial Administration. At trial the jury convicted McNealy of the admitted possession of marijuana, but was unable to reach a decision on the cocaine charge. A mistrial was declared.
Subsequently, the state amended the circuit court information and charged McNealy with possession of cocaine with intent to sell, a second degree felony. Judge Hill continued to preside over the case without objection. At trial, McNealy was convicted as charged and now appeals, arguing his conviction should be overturned because of a lack of jurisdiction of the court.[1] As support for this contention, McNealy relies on Christopher v. State, 397 So.2d 406 (Fla. 5th DCA 1981). In Christopher, the defendant was charged with a misdemean- or in the circuit court. This court, in overturning Christopher’s conviction, said:
A misdemeanor not arising out of the same circumstances as a felony which is also charged is cognizable only in county court. Art. V, § 5b and 6b, Fla. Const.; §§ 26.012(2) and 34.01, Florida Statutes (1979). If the information charges only the misdemeanor, the circuit court does not have jurisdiction and thus any judgment or sentence rendered by it is void.
*250 McNealy’s argument misses the mark. In this case, unlike in Christopher, the defendant was charged and tried in the proper court. Jurisdiction is determined by the court, not the judge. Clearly the circuit court has jurisdiction over all felonies.[2]
More on point is Card v. State, 497 So.2d 1169 (Fla.1986) cert. denied, 481 U.S. 1059, 107 S.Ct. 2203, 95 L.Ed..2d 858 (1987). Card was charged in the circuit court of the Fourteenth Judicial Circuit with first degree premeditated murder. Venue was transferred and the trial conducted in the First Judicial Circuit by Judge Turner of the Fourteenth Judicial Circuit. Following conviction, Card appealed, urging that Judge Turner lacked the requisite authority to conduct a trial in the First Judicial Circuit absent an order of temporary assignment from the Chief Justice of the Florida Supreme Court, and, absent such authority, the First Judicial Circuit was without jurisdiction to hear the case. Our supreme court, while recognizing that Judge Turner was not authorized to preside over the cause in the First Judicial Circuit, held:
A technical flaw in assignment [of a judge] does not strip a circuit court of subject matter jurisdiction over a cause which is expressly conferred by law.
Id. at 1173.
Like Judge Turner, Judge Hill presided as a de facto judge under color of authority over McNealy’s re-trial. Judge Hill’s authority was defective only because, through inadvertence or an error in transmittal, no formal administrative order was entered empowering him to retry McNealy on the second degree felony, although Judge Hill was expressly authorized to try third degree felonies and had been previously authorized to try felonies of all degrees. Judge Hill’s actions as a de facto judge were merely voidable and not void. Thus, the failure of McNealy to timely object to the administrative lapse constituted a waiver.[3] Card, supra.
McNealy’s other points on appeal are without merit. Accordingly the conviction and judgment are affirmed.
AFFIRMED.
DANIEL, C.J., and SHARP, J., concur.

. Subsequent to the trial the Chief Judge of the 5th Judicial Circuit issued a nunc pro tunc order which provides in pertinent part:
DECIDED that it has been long-standing and normal practice within this circuit for the Chief Circuit Judge to empower specific Acting Circuit Judges to hear, try and determine, specific felony cases, on an as needed basis. Moreover, Acting Circuit Judge Mark J, Hill has been previously found by this Court to be qualified to hear all degree felony cases, and has been so assigned in the past. With regard to the instant case, the Court has discovered through the argument of counsel that through judicial inadvertence or error in transmittal, no formal Administrative Order was filed empowering Acting Circuit Judge Mark J. Hill to re-try the defendant on a second degree felony.
WHEREFORE, this Court now holds that Acting Circuit Judge Mark J. Hill was at all times empower [sic] to hear, conduct, try and determine the defendant's April 4, 1988 second degree felony re-trial involving Sale of Cocaine with Intent to Sell.

. Article V, § 5, Fla. Const.

. McNealy did not prove, or even allege, any prejudice occasioned by Judge Hill presiding over his trial.