580 So.2d 212 (1991)
John LONGO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1361.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
Rehearing Denied June 24, 1991.
*213 Charles W. Musgrove, West Palm Beach, for appellant.
Robert W. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
This consolidated appeal concerns appellant's judgment, sentence, and restitution order following a jury verdict finding him guilty of one (1) count of organized fraud and thirty-three (33) counts of grand theft. We affirm appellant's judgment as to the organized fraud count and twenty-nine (29) of the grand theft counts; however, we reverse his judgment as to four (4) of the grand theft counts, as venue was lacking. We reverse his sentence and remand for resentencing. We affirm the restitution order, reversing only those portions which require appellant to pay restitution to people not named in the information, or to people named in counts of the information on which appellant received, or should have received, a judgment of acquittal.
*214 The charges against appellant arose from his operation of First Mortgage Trust (hereinafter FMT). Appellant and his codefendant solicited investments, promising exclusive first and second mortgages on select real estate. Investors were attracted to FMT by newspaper advertisements and brochures promising sixteen to eighteen percent (16-18%) interest on investments. Another brochure indicated that FMT had been in business since 1975 and had twenty (20) million dollars in assets. Most investors were told that there would be no pooling of funds. Investors were told that the maximum amount of the mortgage on any property would be seventy-five percent (75%) of the appraised market value.
Testimony revealed that FMT's parent corporation, First Federal Trust, had been formed just prior to appellant's solicitation of funds in 1987. Investors' money was pooled in one of several accounts held by FMT, and investors were sent interest payments from the principal they had invested. FMT controlled only five (5) properties, all of which were owned by appellant Longo, FMT, Longo's relatives, or Longo's codefendant. Contrary to what many investors were told by appellant, they were not exclusive holders of second mortgages. Some received second mortgages which they shared with others, two investors had been given a mortgage on property which was in foreclosure, and some never received any recorded mortgage documents. Appellant falsely represented to many investors that he was a licensed mortgage broker. Testimony also revealed that mortgages on all five (5) of the properties exceeded seventy-five percent (75%) of the appraised market value.
We address appellant's arguments that the trial court erred in: (1) refusing to direct a verdict on the organized fraud count; (2) refusing to direct a verdict on four counts stemming from transactions in Palm Beach County; (3) admitting evidence not timely disclosed to the defense without a Richardson hearing; (4) limiting cross-examination and denigrating defense counsel; (5) utilizing an improper scoresheet during sentencing; and (6) awarding restitution to alleged victims named in counts upon which appellant received a judgment of acquittal, as well as awarding restitution to people who were not named in the information.
Appellant also finds error in the judgment form itself. The state concedes that the form reflects adjudications on non-existent grand theft counts. On remand, these errors in the judgment form should be corrected.
The trial court properly denied appellant's motion for judgment of acquittal on the organized fraud count. Appellant was charged with organized fraud under section 817.036, Florida Statutes (1983), which provided:
817.036 Organized fraud defined; penalties.
(1) As used in this section, the term "organized fraud" means a scheme or operation by fraud or misrepresentation whereby any person obtains any property of an aggregate value of $50,000 or more from five or more victims.
(2) Any person who commits the crime of organized fraud shall, upon conviction, be guilty of a felony of the first degree... .[1]
The testimony adduced at trial was sufficient to withstand a motion for judgment of acquittal on the organized fraud count. The evidence revealed that appellant made numerous misrepresentations to potential investors, who ultimately gave appellant hundreds of thousands of dollars.
However, the trial court did err in refusing to direct a verdict on four grand theft counts which concerned transactions that occurred solely in Palm Beach County.[2] The state argues that venue was proper in Broward County on these counts, *215 pursuant to section 910.05, Florida Statutes (1983), which provides:
If the acts constituting one offense are committed in two or more counties, the offender may be tried in any county in which any of the acts occurred.
However, testimony revealed that the acts constituting grand theft, knowingly obtaining the property of another with intent to temporarily or permanently deprive the other person of a right to the property, occurred solely in Palm Beach County with respect to these counts. Therefore venue was proper only in Palm Beach County for these four counts, and appellant was entitled to a judgment of acquittal.
Appellant also argues that the trial court erred in failing to hold a Richardson[3] hearing concerning a letter, graphs, and charts used by the state. During trial, the state called a property appraiser to testify concerning the value of the five properties on which FMT placed mortgages. As he was testifying, this witness used a letter he had written to the state attorney approximately one week before trial, in order to refresh his recollection concerning appraisal values on the properties. The expert witness had been disclosed to the appellant as required by the rules of discovery; however, he had not been deposed by appellant, and the state had not furnished appellant with a copy of the letter.
The record reveals that appellant did not object to the witness' use of the letter, nor did he join in his codefendant's objection. Further, the record does not reveal any authorization by the trial court allowing an objection by one defendant to be applicable to the other defendant. See Charles v. State, 565 So.2d 871 (Fla. 4th DCA 1990). In the absence of an objection by appellant, review of this issue has been waived. See White v. State, 530 So.2d 1049 (Fla. 3d DCA 1988).
As to the charts and graphs, neither appellant nor his codefendant objected to the introduction of these items on the ground that they had not received the information contained within the documents. Appellant's codefendant stated only that he "may not" have received the information contained in the charts and graphs. Because no discovery violation was alleged, no Richardson hearing was necessary as to the charts and graphs.
Review of the record shows that appellant's argument regarding the trial court's limiting cross-examination and rebuking defense counsel is meritless. The trial judge maintained an impartial role throughout the trial. Further, almost ninety percent (90%) of the exchanges appellant refers to concerned his codefendant and not himself.
Appellant contends that the trial court erred in utilizing the 1984 guideline scoresheet during sentencing, because the information charged several crimes which took place prior to the effective date of the 1984 guidelines. We find that it was error for the trial court to utilize the 1984 guideline scoresheet in the instant case. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Further, the 1983 guidelines have been held to be unconstitutional and are therefore not available to appellant. Smith v. State, 537 So.2d 982 (Fla. 1989). On remand, appellant may elect to be sentenced under current guidelines or he may elect to be sentenced according to pre-guideline sentencing law. Id. at 987.
Lastly, we agree that the lower court erred in ordering restitution to those people named in counts of the information on which appellant was acquitted. Simmons v. State, 484 So.2d 104 (Fla. 4th DCA 1986); Johnson v. State, 547 So.2d 300 (Fla. 3d DCA 1989). Similarly, appellant is not required to pay restitution to the four victims named in the grand theft counts for which venue was lacking. Also, it was improper for the court to order appellant to pay restitution to people not named in the information. Williams v. State, 530 So.2d 1109 (Fla. 4th DCA 1988). However, restitution may be paid to insurance companies subrogated to the rights of victims named in the information. Warzybok v. State, 505 So.2d 507 (Fla. 2d DCA 1987).
*216 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ANSTEAD and LETTS, JJ., concur.
NOTES
[1] Section 817.036 was repealed by Ch. 87-382, § 2, Laws of Florida.
[2] The counts at issue and the victims named in these counts include: count XIX, James D. and Carolyn H. Calvert; count XXI, Milton Lazoff; count XXXII, Peter J. and Sheila M. Rowley; and count XXXIV, Rene Morin.
[3] Richardson v. State, 246 So.2d 771 (Fla. 1971).