WARNER, J.
Appellant appeals his conviction for aggravated battery, claiming that the trial court erred by denying his motion for judgment of acquittal based on the state’s failure to present evidence of venue. Because we find that the jury could reasonably infer the offense was committed in the county where the case was brought, we affirm.
Appellant was charged with aggravated battery based on an incident which took place at the Summit Boulevard branch of the U.S. Post Office in West Palm Beach. During voir dire, defense counsel told the panel that the incident occurred at the Summit branch post office. Furthermore, the prosecutor posed a question during the testimony of one witness which included a reference to “the Summit facility.” At the end of the state’s case, the appellant moved for judgment of acquittal alleging as one ground that the state failed to prove venue. Recollecting that there was some testimony that it was the post office on Summit, the trial court denied the motion. Although the issue was raised in a motion for new trial, which was denied, the defense did not request a jury instruction on venue, as it could have if there was a contested issue as to that element of the charged crime. See Fla.Std.Jury Instr. (Crim.) 3.03. The appellant raises the issue again in this appeal.
Venue is an essential element of a charged crime, but unlike other essential elements of a crime, venue need not be proven beyond a reasonable doubt so long as, based on the evidence presented, the jury could reasonably infer the offense was committed in the county where the case is brought. See State v. Crider, 625 So.2d 957, 959 (Fla. 5th DCA 1993); Pennick v. State, 453 So.2d 542, 543 (Fla. 3d DCA 1984). In Pennick, the court reversed a conviction for failure to prove venue where references to the location of the crime were to “the County Line Road” area. The court determined:
[njotwithstanding that the locality described as “the County Line Road” or “215th Street and 47th Avenue” and the landmark called “the County Line dump” may have been known by or were probably familiar to the jury, it is apparent that, under the unique circumstances of this ease, the jury could not reasonably conclude that the offense occurred in Dade County when the descriptions themselves lead to the equally compelling conclusion that the offense occurred in Broward County.
453 So.2d at 544 (emphasis in original)(footnote omitted). Nevertheless, the third district recognized that venue can be established by “references to various localities and landmarks at or near the scene of the [crime], known by or probably familiar to the jury.” Id. (quoting Andrews v. State, 21 Fla. 598, 611 (1885)).
In the instant case, the jury, made up of residents of Palm Beach County, could *337 reasonably conclude that the crime occurred in that county when the location of the post office at which the crime occurred was described as “the Summit facility.” Summit Boulevard is a major east/west thoroughfare in West Palm Beach. As the evidence need only be sufficient for the jury to infer that the offense was committed in the county where the case is prosecuted, we view this limited evidence as sufficient to withstand a motion for judgment of acquittal. Clearly, it would be preferable for a prosecutor to ask a specific venue question so as to avoid even the possibility that a court might grant a judgment of acquittal on that issue, but this record is minimally sufficient to avoid an acquittal on that technical ground.
We find the remaining points to be without merit and affirm both the conviction and sentence.
STONE, C.J., and GROSS, J., concur.