858 So.2d 379 (2003)
Jerome McCLELLION, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4837.
District Court of Appeal of Florida, Fourth District.
November 5, 2003.
*380 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of a number of interrelated crimes which began in Dade County and ended in Broward County. The charges were tried together in Broward, but the state's proof showed that two of the crimes were committed entirely in Dade. We reverse those two convictions.
All of the charges arose out of a car theft and high speed chase. The original information, to which the appellant entered his plea of not guilty, stated that the two crimes involved in this appeal, aggravated assault and fleeing an accident, occurred in Dade County. After appellant entered his plea the information was amended to add an additional charge and to state that all of the crimes occurred in Broward County.
Appellant raised no objection to venue until he moved for a JOA, at the close of the state's case, on the ground that the state's proof demonstrated that two of the crimes occurred in Dade County. The trial *381 court denied the motion, but granted the state's motion to amend the information to reflect that the two crimes occurred in Dade County. Appellant contends that, because the state failed to prove venue in Broward County, his convictions must be reversed. The state responds that venue was waived.
Article I, Section 16(a) of the Florida Constitution (1968) provides:
In all criminal prosecutions the accused shall .... have a speedy and public trial by impartial jury in the county where the crime was committed. If the county is not known, the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient; but before pleading the accused may elect in which of those counties the trial will take place.
In addition to the exception contained in the constitution, numerous other exceptions are spelled out in Chapter 910, Florida Statutes, but none of them are applicable in this case.
In order to obtain a conviction, the state must prove venue. Croft v. State, 139 Fla. 711, 191 So. 34 (1939); Pennick v. State, 453 So.2d 542 (Fla. 3d DCA 1984). Venue is not an element of the charged crime, however, and need not be proved beyond a reasonable doubt. It is sufficient if the jury can reasonably infer from the evidence that the crime was committed in the county in which the defendant was charged. Pennick; State v. Crider, 625 So.2d 957 (Fla. 5th DCA 1993).[1]
Venue is not a jurisdictional prerequisite and does not affect the power of a court to hear a case, but is a privilege which may be waived. Tucker v. State, 459 So.2d 306, 308 (Fla.1984) (quoting Lane v. State, 388 So.2d 1022, 1026 (Fla. 1980)). A plea of guilty in one county, where the information shows that the crime occurred in a different county, waives the venue privilege. Dean v. State, 414 So.2d 1096 (Fla. 2d DCA 1982).
The state's argument that the appellant waived venue is premised on cases allowing amendment of an information during trial where there is no prejudice to the defendant. State v. Anderson, 537 So.2d 1373 (Fla.1989). The problem in this case, however, is one of proof. As our supreme court observed in dicta in Tucker v. State, 459 So.2d 306, 308 (Fla.1984):
Had Tucker been able to show that the crime of which he was convicted was not committed in Dade County, or that the prosecution had not presented sufficient proof that the crime occurred in the county where the trial was held, the conviction clearly could not stand.
This is not a case in which the crime actually occurred in the county in which the defendant was tried, and the state merely neglected to prove venue. Under those circumstances, the trial court would have the discretion to allow the state to reopen its case. Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978). In this case, the evidence showed that the crime occurred in Dade County. This failure to prove venue cannot be corrected by either *382 amending the information or putting on additional evidence.
Although we conclude that the appellant did not waive the venue problem by waiting until close of the state's case to raise it, we are not condoning this tactic. Clearly a defendant could have waived the venue problem by agreeing to a trial of all of the crimes in Broward County, and if the state had been forthright in approaching the problem in that manner, it might not now find itself in this position. As we noted at the beginning of the opinion, the original information stated that these two crimes occurred in Dade County, but after appellant pled not guilty, the state amended the information to allege that they all occurred in Broward County. Under these circumstances, we are not sympathetic to the waiver argument.
The next question we must address is the remedy. In Longo v. State, 580 So.2d 212 (Fla. 4th DCA 1991), the defendant was convicted of thirty-three counts of grand theft in Broward County. We reversed four of those, based on lack of venue, because the proof showed they occurred solely in Palm Beach County, and reversed for a judgment of acquittal. In at least three cases, however, our supreme court has held that the remedy for failure to prove venue is a reversal for a new trial. Powell v. State, 132 Fla. 659, 181 So. 901 (1938); McKinnie v. State, 44 Fla. 143, 32 So. 786 (1902); Warrace v. State, 27 Fla. 362, 8 So. 748 (1891). Longo is not binding precedent in light of these decisions.
Appellant apparently recognizes that the proper remedy is a new trial, as that is the relief he is requesting; however, he overlooks the fact that venue for these two crimes lies only in Dade County, which precludes a new trial in Broward County. We accordingly limit our relief to remanding for the convictions for aggravated assault and fleeing an accident to be vacated.[2]
Reversed.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Some courts, including this one, have suggested in dicta that venue is an essential element of a charged crime. Brown v. State, 728 So.2d 335, 336 (Fla. 4th DCA 1999); Mosley v. State, 842 So.2d 855, 857 (Fla. 1st DCA 2002). Since our supreme court has held that venue need not be proved beyond a reasonable doubt, Croft, it follows that venue is not an element of the crime. See Pennick v. State, 453 So.2d at 543 ("unlike essential elements of the crime, venue need not be proved beyond a reasonable doubt"); See Crider, 625 So.2d at 959 (same).
[2] We deduce from Powell, McKinnie and Warrace, which reversed convictions, where there was no proof of venue, for new trials, that double jeopardy would not preclude appellant from being tried in Dade County.