965 So.2d 252 (2007)
Kenneth KITCHEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3237.
District Court of Appeal of Florida, Fourth District.
September 12, 2007.
Rehearing Denied October 25, 2007.
*253 Loren D. Rhoton of Loren Rhoton, P.A., Tampa, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Kenneth Kitchen, appeals a final order finding him guilty of one count of grand theft of a motor vehicle and one count of high speed or wanton fleeing. The theft occurred in St. Lucie County and the high speed chase began in St. Lucie County and continued into Indian River County. The case was tried in St. Lucie County. Kitchen argues the trial court erred in denying his motion for judgment of acquittal, asserting that venue for the charge of fleeing and/or eluding lay in Indian River County rather than St. Lucie County, as he did not become aware that the police were chasing him until he crossed into Indian River County. Kitchen also argues that County Court Judge Katherine Nelson, who took over the case from another judge, did not have jurisdiction to hear his case as no administrative order was ever filed giving her jurisdiction. We find Kitchen's arguments unpersuasive and affirm the trial court's holding, but write to address his contentions.
"If the acts constituting one offense are committed in two or more counties, the offender may be tried in any county in which any of the acts occurred." § 910.05, Fla. Stat. "Appellate review is confined to issues decided adversely to appellant's position, or issues that were preserved with a sufficiently specific objection below." Clear Channel Commc'ns, Inc. v. City of North Bay Village, 911 So.2d 188, 189-90 (Fla. 3d DCA 2005). Kitchen did not raise this issue below, and in fact, defense counsel affirmatively agreed there was no objection to the case being tried in St. Lucie County.
We find that defense counsel's explicit acceptance of the trial's location in St. Lucie County constituted an express waiver of the issue, precluding Kitchen from raising the issue on appeal. Where crimes occur in two counties, a defendant can waive an objection to a venue issue by agreeing to a trial of all issues in one county. McClellion v. State, 858 So.2d 379, 382 (Fla. 4th DCA 2003). In McClellion, the evidence showed that some of the crimes charged took place entirely in one county and others took place in an entirely separate county. Id. at 380. The original information correctly named the two counties in which the crimes took place. Id. However, after the defendant entered his not guilty plea, the State amended the information to state that all crimes took place in the same county. Id. At the close of the State's evidence, the defendant moved for judgment of acquittal, asserting lack of proof of venue. Id. at 380-81. This court quoted Article I, section 16 of the Florida Constitution, which states:
In all criminal prosecutions the accused shall. . . . have a speedy and public trial by impartial jury in the county where the crime was committed. If the county *254 is not known, the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient; but before pleading the accused may elect in which of those counties the trial will take place.
McClellion, 858 So.2d at 381. As the State failed to be forthright in showing the crimes occurred in two separate counties, this court reversed the trial court's ruling. Id. at 382.
In this case, the information clearly stated that the crimes charged took place "in St. Lucie or Indian River County," and defense counsel agreed there was no objection to the case being tried in St. Lucie County. We find the information in this case was straightforward and as Kitchen agreed that all crimes could be tried in St. Lucie County, any venue issues were waived.
Kitchen next argues that Judge Katherine Nelson, the trial judge who took over his case from another judge, did not have jurisdiction to hear his case as no administrative order was ever filed giving her jurisdiction. Judge Nelson was a county court judge with the authority to hear misdemeanor cases. William Roby, Chief Judge of the 19th Judicial Circuit, signed an order assigning Nelson to the 19th Circuit Court, beginning on January 1, 2006 and ending on June 30, 2006. As part of this assignment, Judge Nelson was to hear felony cases on a case by case basis. Chief Judge Roby signed another order extending this time frame until December 31, 2006. While these orders were signed on December 21, 2005 and June 6, 2006 respectively, they were not filed until February 15, 2007. Kitchen's case was originally before Judge James McCann, but was set for trial with Judge Nelson. There is no specific order assigning Judge Nelson to Kitchen's case.
The Florida Supreme Court has jurisdiction to review judicial assignments. Wild v. Dozier, 672 So.2d 16, 17 (Fla.1996).
Article V, section 2(b) gives the Chief Justice of this Court, as the chief administrative officer of the judicial system, power to assign justices or judges to temporary duty in any court for which the judge is qualified and to delegate that power to the chief judges of the judicial circuits.
Id.
[A] litigant who is affected by a judicial assignment made by a chief judge of a judicial circuit must challenge the assignment in the trial court and then seek review in this Court by way of petition for writ of prohibition or petition for relief under the "all writs" power.
Id. at 18.
In this case, Kitchen is not challenging Chief Judge Roby's ability to assign Judge Nelson to hear circuit court cases, but is challenging whether the assignment was ever made, as there is no evidence that the orders assigning Judge Nelson to the circuit court were filed. This court has the authority to review whether an administrative order is still in effect, as this question was different than whether an assignment was valid. See Diaz v. State, 868 So.2d 1281, 1282 (Fla. 4th DCA 2004).
We find that Kitchen's argument regarding jurisdiction fails. "Jurisdiction is determined by the court, not the judge." McNealy v. State, 549 So.2d 248, 250 (Fla. 5th DCA 1989). While it appears from the record that the administrative order signed by Chief Judge Roby was not filed until after Kitchen's case was heard, this does not remove jurisdiction from the court. "A technical flaw in assignment [of a judge] does not strip a circuit court of *255 subject matter jurisdiction over a cause which is expressly conferred by law." Id.
Moreover, even if the administrative order was not properly entered, due to failure to record it prior to Kitchen's trial, Florida courts recognize the de facto judge doctrine. "A de facto judge functions under color of authority even though that judge's actual authority suffers from some procedural defect . . . A de facto judge's acts are valid." Pierre v. State, 821 So.2d 1174, 1176 (Fla. 3d DCA 2002). Further, Kitchen failed to preserve this argument for appeal as he made no objection below. "An objection to a de facto judge's authority to serve must be timely made." Id. See also McNealy, 549 So.2d at 250 (failure to timely object to the administrative lapse constitutes a waiver of the issue.)
We affirm.
STONE and GROSS, JJ., concur.