FARMER, J.
Two issues have been raised in this appeal from a first-degree murder conviction. The first involves evidence of a confession by testimony from a minister. The second concerns whether the murder was committed in Broward County rather than Palm Beach County where the case was tried.
As to the clergy testimony, the minister testified that he warned defendant several times that he would not treat anything incriminating as confidential. Having been asked by defendant to accompany him to the police station for questioning, he testified that he warned defendant against disclosing anything that “was bad” and that if defendant reported anything that “was bad” the minister would have to tell the police about it. Specifically, the minister said:
“be careful what you are about to say to me, because any information that could be damaging, I will be privileged [sic] to the information, and I cannot promise you that I could keep it, because I will become an accessory to whatever.”
He added that if defendant told him something that could get him in trouble with the law, he would have to divulge the information to police.
At that point defendant told the minister that he had killed the victim. Defendant thereupon asked the minister if he could keep the substance of the conversation a secret, but the minister said no. Defendant then told the minister not to bother coming into the police station with him. Defendant entered the police station alone.
The trial court denied his motion to suppress his statements to the minister, holding that he had waived any privilege of confidentiality about the conversation. The court found that after the minister had warned defendant against speaking, he “no longer had a reasonable expectation that the communication was going to remain private under those circumstances.” The court noted that defendant’s history as a police officer in Jamaica affected her determination that defendant had waived any privilege because it indicated his “knowledge and understanding, his intellect, and his capacity to understand.”
In reviewing a trial court’s denial of a motion to suppress, we “aceord[] a presumption of correctness to the trial court’s findings of historical fact, reversing only if the findings are not supported by competent, substantial evidence, but review[ ] de novo whether the application of the law to the historical facts establishes an adequate basis for the trial court’s rul *1207 ing.” Parker v. State, 873 So.2d 270, 279 (Fla.2004). Section 90.505(1)(b) explicitly requires that the communication to a member of the clergy be “not intended for further disclosure.” Moreover, § 90.507 provides that:
“A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person ... voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication.”
§ 90.507, Fla. Stat. (2008). The record supports the trial court’s factual finding that defendant knew when he voluntarily made the disclosure to the minister that it would not be held confidential and would be subject to disclosure to the police. We find no error in the admission of the confession.
As to venue, the issue is less clear. The Constitution, provides:
“In all criminal prosecutions the accused shall ... have a speedy and public trial by impartial jury in the county where the crime was committed. If the county is not known, the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient....”
Art. I, § 16(a), Fla. Const. (1998). The State is required by rule to allege the venue of the crime charged. Fla. R.Crim. P. 3.140(d)(3) (“Each count of an indictment ... shall contain allegations stating as definitely as possible the time and place [e.s.] of the commission of the offense”). The indictment here charged the murder was committed in Palm Beach County but did not mention Broward County as another possible locus of the killing.
The evidence appears indeterminate. The victim was last seen alive in Broward County around 4:00 pm on the day before her body was found. Someone last spoke to her by phone around 5-6:00 pm on that same day. Her body was found in an abandoned auto in Palm Beach County around 8:00 the next morning. That auto had been first seen in the area around 9:00 on the evening before discovery of the body. Another person saw it in the same place around 3:00 on the morning before discovery. Nothing about these circumstances points definitively to either place for the murder.
The medical examiner placed the time of death at sometime after 2:00 pm on the day before her body was found. The first responding officer found her body cold to the touch with rigor mortis. An investigator from the medical examiner’s office found her body cool to the touch.
The lead detective testified there was no evidence indicating she was killed in Palm Beach County. He added that there was simply no evidence indicating where she had been killed. The minister testified that defendant’s confession was that he killed the victim at their apartment in Broward County. There is no other direct evidence as to the place of the murder.
At the end of the evidence, defendant moved for a judgment of acquittal, arguing the lack of evidence as to premeditation. He did not raise any question about the sufficiency of the evidence as to venue. Later in the conference to settle jury instructions, defendant requested a special charge on venue but did not furnish the trial judge with any special text, so the judge gave the standard instruction on venue. After the jury found him guilty, defendant did not seek a new trial on the basis of the failure to prove venue as charged.
*1208 Defendant did not raise venue either during or after the trial. He did not raise the issue in his motion for judgment of acquittal.[1] He filed no motion for a new trial based on the failure to prove venue as charged. He did nothing in the trial court to alert the Judge or the State that he had any issue regarding venue.
On appeal now, however, he argues that the failure to prove venue is a substantive error of fundamental proportions not waived by his failure to raise it in the trial court.[2] In State v. Black, 385 So.2d 1372 (Fla.1980), the,supreme court confronted an indictment that faded to allege venue. The issue was whether the conviction could be sustained in spite of the failure to allege venue even though defendant had not been adversely affected by the omission in preparing for trial. The State had furnished defendant with a bill of particulars stating venue. The court ruled that an indictment without an allegation of venue “was fundamentally defective and void” as a matter of substance “and not of form.” Black, 385 So.2d at 1375.
Little more than four years after Black, the supreme court confronted the following certified question:
Is the error in the failure of an indictment to specify the place tuhere the crime allegedly occurred so fundamental that it may be urged on appeal, though not properly presented at the trial court, where the defendant is not hindered in the preparation or presentation of his defense and the situs of the crime is proved at trial? [e.s.]
Tucker v. State, 459 So.2d 306, 307 (Fla.1984). The court first observed:
“Rather than attempt to draw any distinctions among degrees of fundamental error, we revisit Black to determine whether it is in the best interests of justice to continue to define the allegation of venue to be a ‘fundamental defect which renders the indictment void.’ ”
Tucker, 459 So.2d at 307. In answering the certified question the court held that the pleading failure was not reversible error where defendant was not adversely affected by it and venue was sufficiently proved at trial. The court receded from Black, stating that the failure to allege venue is now to be considered a defect of form, not of substance. Tucker, 459 So.2d at 309. In short, a failure to plead venue in an indictment may not amount to fundamental error in a given case.
Here, the body was found in Palm Beach County — suggesting, we suppose, a possible inference she was killed where she was found. Hence the indictment charged venue as being in Palm Beach County. The only evidence at trial specifically about the place of the murder was the confession to the minister that he killed her in Broward County. Defendant did not take the *1209 stand, and so there was no opportunity to cross examine him about the venue matter.
We believe this venue issue may be seen in two different formulations: (1) a failure to allege venue jointly in both Broward and Palm Beach Counties, or (2) a failure to prove what was alleged. We know from Tucker that formulation (1) is not necessarily fundamental error and can therefore be waived. We must decide whether formulation (2), a variance between the charge and proof of venue, can also be waived.
 The State’s argument, that the issue was waived by his failure to raise it, brings us to the modern status of the venue requirement in criminal cases. Defendant may waive his privilege of venue because it does not involve the power of the court to hear the case. Lane v. State, 388 So.2d 1022, 1026 (Fla.1980). While it is an important right of the accused in criminal procedure, it is no longer deemed an element of the offense itself and, indeed, may be proved simply by a preponderance of the evidence. McClellion v. State, 858 So.2d 379, 382 (Fla. 4th DCA 2003). In fact, if the failure of the State to prove venue had been raised at trial, the judge had discretion to allow the State to reopen its ease to present evidence of venue.[3] McClellion, 858 So.2d at 381. McClellion held that venue is a personal privilege of defendant which he may waive, citing both Tucker and Lane.
A rule of criminal procedure provides:
“No indictment ... shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment ... or for any cause whatsoever, unless the court shall be of the opinion that the indictment ... is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction ... to substantial danger of a new prosecution for the same offense.”
Fla. R.Crim. P. 3.140(o). Tucker explained this policy thus:
“Any requirement that venue be alleged in an indictment is a procedural rule stemming from common-law applications of due process considerations. In Florida, this requirement arose as a judicial interpretation of a statute which merely required adequate notice.... [Ujnder earlier pleading standards, lack of a venue allegation raised the danger of inadequate protection from double jeopardy. This common law requirement is made a part of the modern procedural rules in Florida Rule of Criminal Procedure 3.140(d)(3), but it is also to be read in pari materia with subsection (o) of that same rule, quoted above.”
“Nor does any policy argument support absolute adherence to that archaic rule of pleading. Modern discovery procedures have vitiated the danger of prejudice in the preparation of a defense and have led to a relaxation of strict pleading requirements.” [c.o.]
459 So.2d at 308-09. The very heart of this analysis is that a defect arising in the form of prosecution — as opposed to defects of substance or matters of procedure that are structural to all criminal prosecutions — may not be grounds as fundamental error to reverse a conviction unless such defect misleads the accused in preparing a *1210 defense or exposes him to another prosecution for the same offense.
We see no indication that the venue defect in this case misled him in preparing his defense, so that leads us to inquire whether it exposes him to another prosecution for the same offense. Tucker explicitly considered whether the failure to allege venue exposed defendant to another prosecution for the same offense. The court said:
“Those facts alleged in the indictment indicate a specific date and a specific victim; other details were provided in a bill of particulars. Finally, the evidence adduced at trial was more than adequate to sustain a Blockburger defense to any possible future prosecution. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).”
459 So.2d at 308.
We are unable to discern any possibility that defendant is in any danger of being convicted again for this offense in Broward County. The present Indictment identifies a named victim and a specific time of the killing, and the evidence supporting guilt at trial is more than sufficient to sustain a double jeopardy defense in any future prosecution. See Tucker, 459 So.2d at 308. We do not think any failure either to plead dual venue or any divergence of proof so significantly affected the trial that a verdict of guilt could not have been obtained otherwise. Because he waived the issue by failing to raise it in the trial court, we reject his argument that any failure to prove venue in Palm Beach County was reversible error.

Affirmed.

GROSS, C.J., and MAASS, ELIZABETH T., Associate Judge, concur.

. Even if he had moved for a judgment of acquittal on account of the failure to prove venue, his remedy may not have been acquittal but merely a new trial. See Powell v. State, 132 Fla. 659, 181 So. 901 (1938); McKinnie v. State, 44 Fla. 143, 32 So. 786 (1902); Warrace v. State, 27 Fla. 362, 8 So. 748 (1891); McClellion v. State, 858 So.2d 379, 382 (Fla. 4th DCA 2003).

. To be deemed fundamental, an error must "reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Walls v. State, 926 So.2d 1156, 1180 (Fla.2006). We are cautioned to use fundamental error very guardedly. Farina v. State, 937 So.2d 612, 629 (Fla.2006) ("We have cautioned appellate courts to 'exercise their discretion concerning fundamental error 'very guardedly.' [FJundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.’ ”).

. Because defendant was charged by Indictment rather than Information, the trial court could not have simply allowed the State to amend the charging document at trial to conform to the proof. See Fla. R.Crim. P. 3.140(j) (allowing only an Information to be amended).