PER CURIAM.
Devon Newman appeals the summary denial of his successive and untimely motion for postconviction relief. The trial court’s order adopted the State’s response which thoroughly and accurately explains why appellant’s claim is procedurally barred and lacks merit. We affirm and determine that this appeal is frivolous and that appellant has brought false information before the courts, so we refer appellant to prison officials for consideration of disciplinary procedures.
In August 2003, appellant was convicted after jury trial of burglary with a battery and sexual battery. Appellant broke into the victim’s home through her son’s bedroom window and then sexually battered the victim while the child was in the room. The boy ran out of the house and contacted authorities who arrived and caught appellant while he was performing a sex act on the victim. He was sentenced as a habitual felony offender to 50 years in prison for the burglary with a battery and a concurrent term of 15 years in prison for the sexual battery. This court affirmed on direct appeal. See Newman v. State, 902 So.2d 811 (Fla. 4th DCA 2005).
In July 2005, appellant filed his first postconviction relief motion. It was denied and affirmed on appeal. See Newman v. State, 941 So.2d 386 (Fla. 4th DCA 2006).
In February 2007, appellant filed his second motion for postconviction relief. It too was denied and affirmed on appeal. See Newman v. State, 963 So.2d 719 (Fla. 4th DCA 2007).
This court denied his petition alleging ineffective assistance of appellate counsel (IAAC) in case number 4D07-1867.
On October 26, 2009, appellant filed this untimely and successive postconviction motion which repeated a claim he has raised previously. He again argues that his convictions are void because the administrative order appointing the county court judge who presided over the trial to temporary duty on the circuit court had not been signed. Appellant raised this same meritless claim in his second postconviction motion, as well as in his petition alleging ineffective assistance of appellate counsel.
In this motion, appellant alleges that an assistant attorney general committed fraud in the prior proceedings on his claim by submitting a copy of the signed administrative order which appellant alleg *845 es was forged. He alleges that the assistant attorney general conspired with a Broward County deputy clerk to fraudulently “back date” the time stamp on the order. The signed order, however, was recorded in the Broward County Official Records at Book 34998 and Page 1570. The signed order was recorded on April 22, 2003, one day after rendition. Appellant’s allegation, that the assistant attorney general, and a circuit court official, committed fraud, is utterly false.
Appellant’s claim is devoid of arguable merit. Assuming that a deficiency existed in the temporary appointment of the county court judge to the circuit court, this provides no basis for postconviction relief. “Jurisdiction is determined by the court, not the judge.” Kitchen v. State, 965 So.2d 252, 254 (Fla. 4th DCA 2007). “A technical flaw in assignment [of a judge] does not strip a circuit court of subject matter jurisdiction over a cause which is expressly conferred by law.” McNealy v. State, 549 So.2d 248, 250 (Fla. 5th DCA 1989). The circuit court had subject matter jurisdiction over appellant’s felony offenses. Further, even if a valid order had not been entered, the de facto judge’s acts are valid. See Kitchen, 965 So.2d at 255. A technical deficiency in the appointment of the trial judge provides no basis for collaterally attacking a conviction. This is because if a timely objection to the deficiency had been made, it could have been corrected.
These matters were clearly explained to appellant in the state’s response which was adopted by the trial court. Appellant has chosen to bring this appeal but has not presented any argument as to why the clear explanation given for denial of his motion is incorrect. We find that this appeal is frivolous and that appellant has knowingly, or with reckless disregard for the truth, brought false information before the courts. We therefore direct the clerk of this court to deliver a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2010).

Affirmed.

GROSS, C.J., TAYLOR and HAZOURI, JJ., concur.