PER CURIAM.
We affirm the trial court’s dismissal of appellant’s all writs petition, which attempted to raise an untimely postconviction challenge. The petition was procedurally barred, and the claim raised therein is meritless. Baker v. State, 878 So.2d 1236, 1241 (Fla.2004); Newman v. State, 49 So.3d 843, 845 (Fla. 4th DCA 2010).
We reverse, however, the portion of the trial court’s order which denied appellant’s May 29, 2012 Amended Motion for Post-conviction Relief. This motion was timely filed within two years of the Florida Supreme Court’s decision denying review of our written opinion in Grier v. State, 27 So.3d 97 (Fla. 4th DCA 2009), rev. denied, 46 So.3d 566 (Fla.2010). See Leighty v. State, 87 So.3d 1262 (Fla. 4th DCA 2012); see also Beaty v. State, 701 So.2d 856, 857 (Fla.1997). Further, the original motion, which the trial court permitted appellant to amend, was timely filed within two years of this court’s mandate on direct appeal.
The postconviction motion was not successive as appellant’s prior motions were filed under rule 3.800(a) and argued that he received an illegal sentence. See Ramirez v. State, 822 So.2d 593, 594 (Fla. 2d DCA 2002); see also Felder v. State, 853 So.2d 473 (Fla. 4th DCA 2003). His filing of his first rule 3.850 motion was not an abuse of pi-ocedure.

Affirmed in part. Reversed and remanded in part.

WARNER, GERBER and LEVINE, JJ., concur.